## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,              :

                Plaintiff,                          Case No. 3:06-cr-061
                                                  Also 3:12-cv-302

                                                    District Judge Thomas M. Rose
        -vs-                                  Magistrate Judge Michael R. Merz
                                       :

CHRISTOPHER HUNTER,

                Defendant.

---

# DECISION AND ORDER

---

This case is before the Court on Defendant's Motion for Leave to Amend his pending §
2255 Motion (Doc. No. 153).  A motion to amend is within the decisional authority of a United
States Magistrate Judge to whom a case has been referred.

### Prior Motion to Amend

Hunter previously filed correspondence seeking to amend the § 2255 Motion which the
Court treated as a motion to amend (Doc. No. 147).  The claim he sought to add at that time was
that the four points added to his sentencing guideline calculation for drug amount and the four
points added for leadership were found by the judge and not by the jury in violation of his rights
under the Sixth Amendment.

To account for the illness of Hunter's then-appointed counsel, the Court treated the prior
motion as made at the earliest date when Hunter could have discussed the proposed amendment

1

with counsel, November 1, 2012 (Order, Doc. No. 148, PageID 2472). However, the Magistrate Judge denied the prior motion to amend because, even giving Hunter the most liberal construction of his timing assertions, a motion to amend made November 1, 2012, would have been untimely because Hunter's conviction became final on direct appeal on October 7, 2011, the date the United States Supreme Court denied his petition for writ of certiorari, and the one-year statute of limitations therefore expired on October 7, 2012. *Id.* The Court further found the amendment did not relate back to the original filing date because it was "different in legal theory from all the claims [made] in the original Motion." *Id.*, *citing Mayle v. Felix*, 545 U.S. 644, 650 (2005).

The Magistrate Judge also found the amendment was barred by its failure to state a claim upon which relief could be granted. *Id.* The claim was proposed under the *Apprendi-Blakely* line of cases. As part of that line of cases, *United States v. Booker*, 543 U.S. 220 (2005), made the United States Sentencing Guidelines advisory rather than mandatory. Thus Judge Rose was not bound by the Sentencing Guidelines to impose a sentence within the calculated range and it was within his discretion whether or not to do so. Since the sentence was imposed in 2007, well after *Booker* was decided, there was no constitutional violation and the amendment was denied on the basis that it would have been futile. *Id.* at 2473.

The Order denying the prior motion to amend was entered July 5, 2013. Hunter had the right to appeal that decision to Judge Rose, but the time in which to do so expired July 22, 2013, and no appeal was taken. Thus the prior Order has become the law of the case.

**Present Motion to Amend**

**General Standard for Amendments**

The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was

enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff
> may be a proper subject of relief, he ought to be afforded an
> opportunity to test his claim on the merits.  In the absence of any
> apparent or declared reason -- such as undue delay, bad faith or
> dilatory motive on the part of the movant, repeated failure to cure
> deficiencies by amendments previously allowed, undue prejudice
> to the opposing party by virtue of any allowance of the
> amendment, futility of amendment, etc.
> -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182.    In considering whether to grant motions to amend under Rule 15, a court

should consider whether the amendment would be futile, i.e., if it could withstand a motion to

dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir.

1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986);  *Marx v.*

*Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of*

*Danville*, 880 F.2d 887 (6th Cir. 1989).  *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d

134, 155 (6th Cir. 1983);  *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21,

23 (6th Cir. 1980).

Hunter's Motion to Amend is DENIED because it would be futile for the following

reasons.

**Timeliness**

As noted above, Hunter's prior motion to amend was denied as untimely, so the present

Motion, later filed, is prima facie also untimely under the one-year statute of limitations for §
2255 motions.

Hunter's present Motion to Amend is grounded in *Alleyne v. United States*. 570 U.S. ___,
133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), where the Court held that any fact that makes a
defendant eligible for the mandatory minimum sentence for an offense is an "element" which
must be submitted to the jury. *Alleyne* overruled *Harris v. United States,* 536 U.S. 545 (2002),
which had held to the contrary. *Alleyne* overrules *United States v. Leachman*, 309 F. 3d 377 (6th
Cir. 2002), to the extent it relied on *Harris*. As the Magistrate Judge understands Hunter's claim
sought to be made in the Motion to Amend, it is that his appellate counsel, Kevin Schad,
provided ineffective assistance of appellate counsel in failing to argue the issue that Hunter
wanted argued on appeal, to wit, that the *Apprendi* line of cases required proof to the jury beyond
a reasonable doubt of facts necessary to support a mandatory minimum sentence (Motion, Doc.
No. 153, PageID 2508-2511). That is the proposition of law rejected in *Harris* but now accepted
in *Alleyne*.

Hunter argues this new claim "relates back" to Grounds for Relief Eight and Nine made
in the original Motion. Those grounds as pled in the original Motion read:

> **Ground Eight:** Ineffective assistance of counsel during
> sentencing.
>
> **Supporting Facts**: Failed to investigate, failed to perform
> effectively during the sentencing process, failed to challenge
> inaccuracies or omissions in the PSI report and failed to hold the
> court to the precepts of Fed R. Crim. P. 32(1)(3)(8).
>
> **Ground Nine:** Ineffective assistance of counsel on appeal.
>
> **Supporting Facts:** Appellate counsel was ineffective for failing to
> raise an unreasonbleness [sic] of the sentencing argument.

4

(Motion, Doc. No. 135, PageID 2279.)  In order for newly-pled grounds for relief to "relate back" to an original § 2255 motion and therefore share its filing date for statute of limitations purposes, it cannot assert a new ground for relief or be supported by facts different in time and type from the original pleading.  The Supreme Court has held:

> An amended habeas petition ... does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.

*Mayle v. Felix*, 545 U.S. 644, 650 (2005).  *Mayle* applied to habeas practice the standard from cases interpreting Fed. R. Civ. P. 15(c)(1)(B):[1]  do the original claim and the new claim arise out of a common core of operative facts?  *Id.* at 664.

An ineffective assistance of appellate counsel claim does not relate back to an ineffective assistance of trial counsel claim because they differ in legal theory, usually (as in this case) in the attorney whose conduct is being challenged, and in the time and other factual bases of the conduct in question.  The new claim sought to be added therefore does not relate back to Ground Eight for Relief.

Nor does the new claim relate back to Ground Nine.  Claims of ineffective assistance of appellate counsel are of infinite possible variety since there are an infinite variety of possible claims of error which can be made on appeal and therefore an infinite variety of ways in which an appellate attorney may be said to have failed to make the "right" argument.  It cannot be the case that a conclusory pleading of "ineffective assistance of appellate counsel" made in an original habeas corpus petition or § 2255 Motion essentially tolls the statute of limitations by allowing a petitioner to keep adding new claims of ineffective assistance of appellate counsel on

---

[1] The relevant language was contained in Fed. R. Civ. P. 15(c)(2) at the time *Mayle* was decided, but shifted to 15(c)(1)(B) as part of the re-styling of the Civil Rules December 1, 2007.

the theory that they are somehow within the umbrella of his or her original claim.

In this case, Hunter's Ground Nine claims appellate counsel Schad was ineffective for not arguing that his sentence was unreasonable.  Hunter now seeks to add a claim that Schad was ineffective for failing to raise a claim that his sentence was unconstitutional in violation of the Fifth and Sixth Amendments because an element was not proved to a jury beyond a reasonable doubt.  A claim on appeal that a sentence is unreasonable does not arise out of a common core of operative facts with a claim that a sentence violates the *Apprendi* doctrine.

Hunter's new Motion is not timely because the claim it raises does not relate back to the claims made in the original Motion and the amendment would be futile because it is barred by the statute of limitations.

**Failure to State a Claim**

Hunter's requested amendment is also futile because his proposed new claim does not state a claim upon which relief can be granted.  It fails that test in a number of ways.

First of all, *Alleyne* was not the law while Hunter's appeal was pending;  *Hunter* and *Leachman* were the controlling precedents.  *Alleyne* was not decided until June 13, 2013.  At the time Schad refused to make the Apprendi argument Hunter says should have been made, it would have been in the teeth of controlling precedent.  It is not ineffective assistance of appellate counsel to fail to anticipate a change in the law.  *Henley v. Brunsman*, 2010 U.S. App. LEXIS 11224 (6th Cir. June 2, 2010).

Secondly, it is unlikely the Sixth  Circuit will hold *Alleyne* is retroactively applicable to cases on collateral review.  It has held *Apprendi* does not apply retroactively to initial § 2255

6

motions as it is not a watershed rule of criminal procedure. *Goode v. United States*, 305 F.3d 378 (6th Cir. 2002). *Alleyne* is far less a "watershed" change in the law than *Apprendi* was.

Third, *Alleyne* is not in any event applicable to Hunter's case. *Alleyne* holds that the facts which make a criminal defendant eligible for a statutory mandatory minimum sentence must be pled in the indictment and found beyond a reasonable doubt by the trial jury. But the indictment and conviction in this case conform entirely to *Alleyne*. Count 1 of the Superseding Indictment charged Hunter with conspiring to distribute in excess of five kilograms of cocaine (Doc. No. 27, PageID 59). The jury's verdict expressly found Hunter guilty of conspiring to distribute in excess of five kilograms of cocaine (Doc. No. 51, PageID 192). Judge Rose reiterated that finding when he imposed sentence (Transcript, Doc. No. 106, PageID 1935). Thus it would not have made any difference to the mandatory minimum sentence of ten years on Count 1 if *Alleyne* had been the law when Hunter was sentenced.

Hunter's argument is not really in terms of the necessary predicate for the mandatory minimum sentence. Instead he is complaining of judicial fact finding which led to his placement in the Sentencing Guideline range, i.e. the additional four points for the amount of drugs involved and the four points for a leadership role. He raised that objection during sentencing through his then-attorney William Daly. *Id.* at PageID 1940, 1946. Having heard the objections, Judge Rose adopted the revised presentence investigation report form the Probation Department and found from the trial testimony that the amount of cocaine for which Hunter was responsible was 67.8 to 95.7 kilograms or between thirteen and nineteen times the amount necessary to trigger the mandatory minimum. *Id.* at PageID 1951. Judge Rose also found from the trial testimony that Hunter held a leadership role in the "Platinum Crew" and therefore qualified for a four point increase. *Id.* at 1952-53. Judge Rose concluded that the guideline imprisonment

7

range for these convictions was 360 months to life. *Id.* at PageID 1956. The actual sentence imposed of 360 months is at the bottom of that range.

The United States Supreme Court has never held that facts found as relevant to sentencing, aside from those which establish a maximum sentence and any mandatory minimum sentence, must be indicted and/or proved to a jury beyond a reasonable doubt. Thus Hunter's proposed new claim that his appellate attorney was ineffective for failure to argue to the contrary is futile. It cannot be ineffective assistance of appellate counsel to fail to make an argument which has no foundation in the law.

### Conclusion

Based on the foregoing analysis, Hunter's Motion to Amend is DENIED.

August 13, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

8