# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,  :

       Plaintiff,                                   Case No. 3:06-cr-061
                                                          Also 3:12-cv-302

                                                          District Judge Thomas M. Rose
    -vs-                                                Magistrate Judge Michael R. Merz
                                            :

CHRISTOPHER HUNTER,

       Defendant.

## SUPPLEMENTAL MEMORANDUM OPINION ON MOTIONS TO AMEND

This § 2255 action is before the Court on Defendant's Motions to Appeal (Doc. Nos. 156, 157) the Magistrate Judge's Decisions denying his motions to amend (Doc. Nos. 148, 153). Judge Rose has recommitted the motions to the Magistrate Judge for reconsideration in light of Defendant's appeals (Doc. No. 159).

**First Motion to Amend**

On July 1, 2013, Hunter wrote two letters to the undersigned which complained that he had not been able to get his appointed counsel to file a "short one page 6th amendment argument." (Doc. No. 147, PageID 2469 & 2470.)[1]  The Sixth Amendment argument is "I received 4 points for drug amount and 4 points for leadership that were found by the judge not the jury in violation of my 6th amendment rights." *Id.*

---

[1] Hunter wrote two letters which essentially repeat one another and are docketed together at Doc. No. 147.

On July 5, 2013, the Magistrate Judge construed the correspondence as a motion to amend and treated it as if it had been made on November 1, 2012, the earliest possible date on which Hunter claimed in the letters he had asked counsel to file the motion.  Treating the letters in this way eliminated any possible prejudice to Hunter from the fact that his counsel had not done what Hunter's claims he asked his counsel to do.

Having construed the correspondence as a motion to amend to add the Sixth Amendment claim as of November 1, 2012, the Magistrate Judge denied that motion because (1) it was untimely and (2) sought to add a claim on which relief could not be granted under § 2255 (Order, Doc. No. 148).  Under Fed. R. Civ. P. 72(a), because this was a ruling on a nondispositive motion, Hunter had seventeen days to file objections or an appeal.[2]  That time expired August 1, 2013, but Hunter's appeal was not filed until August 28, 2013.[3]  However, the delay should be excused, as Hunter requests, because Doc. No. 148 was sent to Attorney Gounaris who was still attorney of record on July 5, 2013; Hunter apparently did not receive a copy directly until one was sent to him by the Clerk on August 16, 2013 (See Staff Note of August 16, 2013, and the Notice of Electronic Filing attached to the appeal as Exhibit 1, PageID 2539).

The appeal, however, should be denied because it is without merit.

Hunter's first objection is that the July 1, 2013, correspondence should not have been construed as a motion to amend, but read literally (Appeal, Doc. No. 156, PageID 2530-2532).  In fact, Hunter argues, he had "long before decided this course of action [i.e. adding a 6th Amendment claim], but being *pro se*, did not have the skill, knowledge, or wherewithall [sic] to know the parameters or limitations of such action."  *Id.* at PageID 2532.  Hunter goes on to

---

[2] Rule 72(a) provides for fourteen days, but Fed. R. Civ. P. 6 adds 3 days when service is by mail.
[3] The Motion to Appeal (Doc. No. 157) was not received by the Clerk until August 30, 2013, but Hunter mailed it on August 28, 2013, and is entitled to have that counted as the date of filing under the mailbox rule of *Houston v. Lack,* 487 U.S. 266 (1988).

2

blame the delay on the "untimely appointment of counsel." *Id.* at 2533.

Hunter filed his § 2255 Motion on September 11, 2012 (Doc. No. 135) and his Motion for Appointment of Counsel on September 21, 2012 (Doc. No. 137). Counsel was appointed October 10, 2012 (Doc. No. 138). By that time the statute of limitations had already expired. Hunter was not entitled to appointment of counsel either by statute or the Constitution. If he had "long before" decided he wanted to make the Sixth Amendment claim, why didn't he include it himself when he filed the § 2255 Motion? The Sixth Circuit has long held that *pro se* status does not excuse missing court deadlines, even the short 45-day deadline for appealing to the Ohio Supreme Court. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004). Hunter had eleven months from the denial of certiorari by the Supreme Court until he filed his § 2255 Motion September 11, 2012. He cannot successfully blame his failure to include the Sixth Amendment claim on a 20-day delay in appointment of counsel. The proposed Sixth Amendment claim is barred by the statute of limitations.

Even if the proposed Sixth Amendment claim were not time-barred, the Court should not allow the amendment because the proposed claim is without merit. In the order appealed from, the Magistrate Judge construed the proposed claim as being based on the *Apprendi-Booker* line of cases. Hunter agrees but says "owever, the layman's understanding of the Fifth and Sixth Amendments vis-à-vis indictment content and the ramifications of the punishment being only for what was alleged in the true bill of indictment, has never wavered from Petitioner's thoughts." (Doc. No. 156, PageID 2535). He then cites the Court to *Alleyne v. United States*. 570 U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), which overruled *Harris v. United States,* 536 U.S, 545 (2002). *Alleyne* held that any fact that makes a defendant eligible for the mandatory minimum sentence for an offense is an "element" which must be submitted to the jury.

3

*Alleyne* has no impact on the proposed Sixth Amendment claim. The fact that made Hunter subject to the mandatory minimum – that the conspiracy was to distribute in excess of five kilograms of cocaine – was pled in the Indictment (Doc. No. 22, PageID 50-51; Doc. No. 27, PageID 59-60) and found beyond a reasonable doubt by the jury (Verdict, Doc. No. 51, PageID 192). The facts found only by Judge Rose which impacted Guideline Sentencing range were the four additional points for the drug amount (between 50 and 150 kilograms) and the four additional points for Hunter's leadership role. The Supreme Court has never held that facts relied on by a court to sentence within a prescribed statutory range must be included in the indictment and submitted to the jury. In fact, in *United States v. Booker*, 543 U.S. 220 (2005), the Court found the mandatory nature of the Sentencing Guidelines unconstitutional under *Apprendi-Blakely*, but saved them as advisory. And in *Oregon v. Ice,* 555 U.S. 160, 169 (2009), it held that state trial judges could make the factual determinations on which to base consecutive, as opposed to concurrent, sentences without submitting the question to the jury.

Hunter argues that he has a right to make this claim even if the chance of success is "very remote and unlikely." (Doc. No. 156, PageID 2536), *citing Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But *Scheuer* was decided when the pleading standard was governed by *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Conley* has now been overruled on precisely this point and replaced with the more demanding standard that a pleaded claim must be plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard for amendment under Fed. R. Civ. P. 15 continues to be that set in *Foman v. Davis*, 371 U.S. 178 (1962): the amendment should not be allowed if the claim made in the amendment could not survive a motion to dismiss for failure to state a claim.

This Court can grant relief on a § 2255 motion only if the judgment of conviction violates

4

the United States Constitution. There was no Sixth Amendment violation in having Judge Rose make the Sentencing Guidelines findings of which Hunter complains, so the proposed additional Sixth Amendment ground for relief does not state a claim upon which relief could be granted. The motion to amend made in the July 1, 2013, letters should be denied.

**Second Motion to Amend**

Hunter's second Motion to Amend was made more formally (See Doc. No. 153). In it Hunter sought to add a claim under *Alleyne, supra*. In the Decision and Order appealed from (Doc. No. 154), the Magistrate Judge held the amendment was barred by the statute of limitations and also failed to state a claim upon which relief could be granted.

Hunter objects that the proposed amendment relates back to his original Ground Nine, ineffective assistance of appellate counsel.[4] In that Ground for Relief he asserted Kevin Schad "was ineffective for failing to raise an unreasonbleness [sic] of the sentencing argument." (Motion to Vacate, Doc. No. 153, PageID 2279.)

He claims he asked Mr. Schad to file an unreasonableness of sentence assignment of error and points for proof to Schad's letter to Hunter of April 16, 2008 (attached to Doc. No. 153, PageID 2513-14). Mr. Schad is responding to a letter from Hunter (which Hunter has not furnished to the Court) complaining about the appellate brief Schad filed **after** Hunter had seen the brief and approved it in a telephone call.

Mr. Schad does say he declined to argue the applicability of *United States v. Flowal*, 234 F.3d 932 (6th Cir. 2000), and *United States v. Garcia*, 268 F.3d 407 (6th Cir. 2001), because those

---

[4] In the Motion, Hunter had argued the new claim related back to both his Eighth and Ninth Grounds for Relief (Motion, Doc. No. 154, PageID 2519). The Decision rejected relation back to either claim and Hunter does not press an argument about relation back to the Eighth Ground in his appeal.

5

cases had been overruled by *United States v. Leachman*, 309 F.3d 377 (6th Cir. 2002), in which the Sixth Circuit had followed *Harris v. United States,* 536 U.S. 545 (2002).

Hunter argues that his proposed Sixth Amendment claim would "relate back" to his original filing date and therefore be timely because "[t]he Sixth Amendment has always been within the umbrella of unreasonableness." (Motion, Doc. No. 157, PageID 2542.) Despite that blanket assertion, Hunter cites no case law which has considered a Sixth Amendment *Apprendi* ineffective assistance of appellate counsel for within the "umbrella" of reasonableness of sentence.

A district court's sentence must be upheld unless it is procedurally or substantively unreasonable. *United States v. Collington,* 461 F.3d 805, 808 (6th Cir. 2006); *United States v. Richardson*, 437 F.3d 550, 553 (6th Cir. 2006). Reasonableness is an appellate standard of review. *United States v. Wilms*, 495 F.3d 277, 280-82 (6th Cir. 2007); *United States v. Foreman,* 436 F.3d 638, 644 n. 1 (6th Cir. 2007). A sentence can be procedurally unreasonable where the trial judge fails to consider the applicable Guidelines range or the other factors listed in 18 U.S.C. § 3553. *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005); *see also United States v. McBride*, 434 F.3d 470, 476 n.3 (6th Cir. 2006). It can be substantively unreasonable if the district court (1) selects the sentence arbitrarily, (2) bases the sentence on impermissible factors, or (3) gives an unreasonable amount of weight to a pertinent factor. *Collington*, 461 F.3d at 808. Sentences within the Guidelines range are presumptively reasonable; sentences outside the range are neither presumptively reasonable nor presumptively unreasonable. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006); *United States v. Foreman,* 436 F.3d 638, 644 (6th Cir. 2006). Regardless of whether the sentence is inside or outside the Guidelines range, the district court "must articulate the reasons for the particular sentence imposed in order to enable

this [c]ourt to engage in meaningful reasonableness review of the sentence." *United States v. Jones,* 445 F.3d 865, 869 (6th Cir. 2006).

Nothing in the decided case law suggests that an argument that a sentence is illegal/unconstitutional under the Sixth Amendment ought to be made by assigning as error that the sentence is unreasonable. Hunter claims "[i]t was common practice at the time of Petitioner's appeal to include Sixth Amendment arguments in unreasonable sentence arguments," (Motion, Doc. No. 157, PageID 2543), *citing* "United States v. Clark," but giving no actual citation. Searching the Lexis database for that case name returns 1,451 citations from the federal circuit courts of appeals. The most recent, *United States v. Clark*, 2013 U.S. App. LEXIS 16699 (3rd Cir. 2013), although concerned with reasonableness of sentence, has no Sixth Amendment *Apprendi* claim. Hunter also relies on *United States v. Nixon*. The Sixth Circuit decided a case with that caption which is reported at 664 F.3d 624 (6th Cir. 2011). The case deals with substantive reasonableness of a federal sentence, but has no reference to the Sixth Amendment.

Hunter has shown that he wanted Schad to make his Sixth Amendment claim, but he has not shown he asserted in his § 2255 Motion that it was ineffective assistance to fail to raise that claim. Thus the added claim would not relate back and is time barred.

Moreover, the amended claim is without merit. As the Decision concluded, *Alleyne* was not the law while Hunter's appeal was pending and did not become the law for several years thereafter. Hunter also admits (Motion, Doc. No. 157), as the Decision concluded, that it is not ineffective assistance of appellate counsel to fail to anticipate a change in the law, particularly in the face of directly contrary United States Supreme Court precedent.

Even given that admission, Hunter argues "it is an appellate counsel's duty to preserve

7

valid issues for Supreme Court review." He cites no authority for this proposition. An appellate attorney's job is to win the appeal, not preserve issues for possible Supreme Court review, particularly when the Supreme Court takes only a tiny fraction of the cases offered to it in any year. Fed. R. App. P. 32(a)(7) limits a principal brief on appeal to thirty pages. It is not possible in thirty pages to preserve every issue which might some day catch the attention of the United States Supreme Court.

The Decision also concluded that *Alleyne* was not likely to be applied retroactively to cases on collateral review (Decision, Doc. No. 154, PageID 2521-22). Hunter argues that *Alleyne* will be applied retroactively because otherwise people convicted while *United States v. Harris* was the law would have been convicted of an act which is not criminal (Motion, Doc. No. 157, PageID 2544). Not so. Under either *Harris* or *Alleyne*, a person who did the act necessary to trigger the mandatory minimum would be guilty of the criminal offense carrying that mandatory minimum. Under *Harris*, the predicate act had to be proved only to the presiding judge; under *Alleyne*, it must be proven beyond a reasonable doubt to the jury. But *Alleyne* made no acts non-criminal which had been criminal under *Harris*.

Hunter relies on *Fiore v. White*, 531 U.S. 225 (2001). In that case the Supreme Court simply held that a defendant's conviction for operating a hazardous waste facility without a license had to be overturned when the State conceded he did have a permit. In other words, the State admitted that an essential element for conviction did not exist and had not been proved. Hunter argues *Alleyne* should be held retroactively applicable to cases on collateral review, but he does not respond to the Sixth Circuit precedent, *Goode v. United States*, 305 F.3d 378 ( (6th Cir. 2002), holding that even *Apprendi* is not to be applied retroactively.

Next Hunter disputes the Magistrate Judge's conclusion that *Alleyne* would not affect the

outcome of this case if it were applied retroactively. Hunter argues that the jury never found the amount of cocaine for which he was responsible by proof beyond a reasonable doubt. That is certainly true. But it did find that he conspired to distribute in excess of five kilograms and that is the element which is necessary for the mandatory minimum sentence to which he was subject. The four points Judge Rose added for drug amount was indeed dependent on Judge Rose's finding that Hunter was responsible for between 50 and 150 kilograms, the amount needed for assessing those points under the Sentencing Guidelines.

Contrary to Hunter's argument that Judge Rose's finding of a drug amount "increased the mandatory minimum from 10 years to 30 years" (Motion, Doc. No. 157, PageID 2548), the mandatory minimum of ten years was chosen by Congress for any case in which, per *Alleyne*, a jury found beyond a reasonable doubt that the defendant was responsible for "in excess of five kilograms" of cocaine. That is exactly what happened here. If the calculation of the additional points for drug amount had made thirty years "mandatory," then that would have been unconstitutional. That is precisely what the Supreme Court held in *Booker, supra*. After *Booker* a sentencing federal judge must calculate a Sentencing Guideline range and then consider that range in determining a reasonable sentence. But he or she is not mandated to sentence within that range.

**Conclusion**

Both of Hunter's Motions to Amend are untimely and the claims they seek to add do not relate back to the original filing date because they are based on different facts. But even if the

Motions to Amend were granted, the added claims could not withstand a motion to dismiss for failure to state a claim upon which relief can be granted. The Motions to Amend should be denied. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability as to the proposed amendments.

September 5, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge
