UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA

             Case No. 3:06-cr-061
             Also 3:12-cv-302

  Plaintiff,

             Judge Thomas M. Rose
-v-            Magistrate Judge Michael R. Merz

CHRISTOPHER HUNTER,

  Defendant.

---

ENTRY AND ORDER OVERRULING HUNTER'S OBJECTIONS (Docs. 156, 157 and 165) TO THE MAGISTRATE JUDGE'S ORDERS REGARDING HUNTER'S MOTION TO AMEND (Docs. 148, 154 and 160); OVERRULING HUNTER'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS REGARDING HUNTER'S § 2255 MOTION (Doc. #163); ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS REGARDING HUNTER'S § 2255 MOTION IN ITS ENTIRETY; DISMISSING HUNTER'S § 2255 MOTION EXCEPT FOR GROUND TWO; DENYING HUNTER A CERTIFICATE OF APPEALABILITY OF THIS FINDING AND CERTIFYING THAT AN APPEAL OF THIS FINDING WOULD BE OBJECTIVELY FRIVOLOUS

---

### Motions To Amend

Defendant Christopher Hunter ("Hunter") filed a document determined to be a Motion To Amend his pending §2255 Motion. (Doc. #147.) On July 5, 2013 Magistrate Judge Michael R. Merz denied this Motion To Amend. (Doc. #148.)

On August 12, 2013, Hunter filed another Motion To Amend. (Doc. #153.) On August 13, 2013, Magistrate Merz denied Hunter's second Motion To Amend. (Doc. #154.)

Hunter then objected to both of Magistrate Merz's decisions regarding Hunter's Motions To Amend. (Docs. #156 and 157.) Next, the Court recommitted Magistrate Merz's decisions on

Hunter's Motions To Amend to Magistrate Merz. (Doc. #159.)

On September 5, 2013, Magistrate Merz entered a Supplemental Memorandum Opinion On Motions To Amend again denying both of Hunter's Motions To Amend. (Doc. #160.) Hunter then objected to this Supplemental Memorandum. (Doc. #165.)

The Magistrate Judge's Orders denying Hunter's Motions To Amend are non-dispositive orders. Federal Rule of Civil Procedure 72(a) provides that a district court must modify or set aside any part of a non-dispositive order that is clearly erroneous or is contrary to law. *American Coal Sales Co. v. Nova Scotia Power, Inc.*, No. 2:06-cv-94, 2009 WL 467576 at *13 (S.D. Ohio Feb. 23, 2009)(citing Fed. R. Civ. P. 72(a)). Thus, a "clearly erroneous" standard applies to factual findings made by the magistrate judge. *Id.* Legal conclusions are reviewed under the more lenient "contrary to law" standard. *Id.* Both of these standards provide considerable deference to the determinations made by the magistrate judge. *Id.* (citing *In re Search Warrants Issued August 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995)).

A magistrate judge's factual findings are considered clearly erroneous if, on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed. *Id.* The test is whether there is evidence in the record to support the magistrate judge's finding and whether the magistrate judge's construction of that evidence is reasonable. *Id.* (citing *Heights Community Congress v. Hilltop Realty Corp.*, 774 F.2d 135, 140 (6th Cir. 1985), *cert. denied*, 475 U.S. 1019 (1986)). A legal conclusion is contrary to law if the court determines that the magistrate judge's legal conclusions "contradict or ignore applicable precepts of law…." *Id.*(citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992).

In this case, this District Judge has reviewed the Magistrate Judge's factual findings

regarding Hunter's Motions To Amend and finds that they are not clearly erroneous. The District Judge has also reviewed the Magistrate Judge's conclusions of law regarding Hunter's Motions To Amend and finds that they do not contradict or ignore applicable law. Therefore, Hunter's Objections (docs. #156, 157 and 165) to the Magistrate Judge's Decisions and Orders regarding Hunter's Motions To Amend (docs. #148, 154 and 160) are OVERRULED.

### Section 2255 Motion and Motion for Evidentiary Hearing

While Hunter's Motions To Amend were being adjudicated, Magistrate Merz filed a Report and Recommendations and Decision and Order On Motion for Evidentiary Hearing. (Doc. #158.) The Report and Recommendations is in regard to Hunter's §2255 Motion and the Order is in regard to Hunter's Motion for Evidentiary Hearing. Hunter has objected to the Report and Recommendations regarding his §2255 Motion (doc. #163) but has not timely objected to the Decision and Order on his Motion for Evidentiary Hearing. The time has run and the United States has not responded to Hunter's Objections to the Report and Recommendations regarding his § 2255 Motion. Hunter's Objections to the Report and Recommendations are, therefore, ripe for decision.

As required by 28 U.S.C. §636(b) and Federal Rules of Civil Procedure Rule 72(b), the District Judge has made a de novo review of the record in this case. Upon said review, the Court finds that Hunter's Objections to the Magistrate Judge's Report and Recommendations regarding Hunter's § 2255 Motion are not well-taken, and they are hereby OVERRULED. The Magistrate Judge's Report and Recommendations is adopted in its entirety.

Hunter's § 2255 Motion is DISMISSED with prejudice except for Ground Two.[1] Because

---

[1] To obtain an evidentiary hearing on Ground Two, Hunter was ordered to set forth certain matters in a sworn affidavit and file said affidavit with his Objections. This he has done. (Doc.

reasonable jurists would not disagree with this conclusion, Hunter is denied a certificate of appealability and any appeal would be objectively frivolous.

      **DONE** and **ORDERED** in Dayton, Ohio, this Twenty-Ninth Day of October, 2013.

                                              **s/Thomas M. Rose**

                                          THOMAS M. ROSE
                              UNITED STATED DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Christopher Hunter at his last known address of record

---

#163, Ex. 1.)