# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,  :

    Plaintiff,                            Case No. 3:06-cr-061
                                                      Also 3:12-cv-302

                                                 District Judge Thomas M. Rose
    -vs-                                     Magistrate Judge Michael R. Merz
                                         :

CHRISTOPHER HUNTER,

    Defendant.

## DECISION AND ORDER

This case is before the Court on Defendant's Motion to Amend (ECF No. 220). The United States opposes the Motion (ECF No. 221) and Defendant's time to file a reply memorandum in support has expired.

A motion to amend is a non-dispositive prejudgment motion within the decisional authority of Magistrate Judges, subject to appeal to the assigned District Judge.

**Procedural History**

Christopher Hunter filed his action under 28 U.S.C. § 2255 on September 11, 2012 (ECF No. 135). Within two weeks of filing, he requested and received appointed counsel (ECF Nos. 137, 138). The pleadings were complete as of May 3, 2013. Hunter then requested that counsel withdraw, which the Court permitted, conditioning appointment of replacement counsel on a showing that an evidentiary hearing was warranted (ECF Nos. 149, 151).

1

In the Report and Recommendations filed August 30, 2013, the Magistrate Judge recommended Grounds One, Three, Four, Five, Six, Seven, Eight, and Nine be dismissed with prejudice, but that Ground Two required an evidentiary hearing (ECF No. 158). On October 29, 2013, District Judge Rose adopted that Report (ECF No. 167). Having recognized that an evidentiary hearing was required, the Court appointed new counsel for Hunter (ECF No. 171). The hearing was held over several days in April and June 2014 and the proceedings have been transcribed (ECF Nos. 184, 186, 187, 188). The parties then filed briefs directed to the evidence presented (ECF Nos. 195, 200, 205). Given the extensions of time requested and received, the case did not become ripe for decision until January 6, 2015. The Magistrate Judge filed a Report and Recommendations on August 24, 2015 (ECF No. 209). That Report became ripe for decision by Judge Rose on the Objections of both parties on September 11, 2015 (ECF Nos. 216, 217). The instant Motion followed on October 7, 2015.

## ANALYSIS

Hunter purports to file his Motion to Amend under Fed. R. Civ. P. 15(c)(2) which is plainly not applicable as it relates to the addition of the United States as a party by amendment. The Court presumes from the context, given the argument about relation back, that Fed. R. Civ. P. 15(c)(1) is intended, since that is the relevant portion of Rule 15.

Both parties assume Fed. R. Civ. P. 15 provides the governing standard and the Court agrees. Rule 12 of the Rules Governing § 2255 Proceedings permits application of the Civil Rules to § 2255 proceedings when not inconsistent with statute or the § 2255 Rules and Rule 15 is not inconsistent.

2

As grounds for amendment, Hunter states

> Hunter believed the amendments detailed below were properly before the Court by virtue of his Petition, Affidavit, testimony at the evidentiary hearing, and post-evidentiary hearing briefing. After reviewing the Magistrate's most recent Report and Recommendation (ECF No. 209), Hunter now believes the Court does not consider the arguments he seeks to clarify as properly before the Court. Thus, to the extent the Court does not already consider the arguments properly before it Hunter moves this Court to add Amendments A, B and C detailed below to his Petition.

(Motion, ECF No. 220, PageID 3341-42.)

The Court shares the Government's confusion about what Hunter seeks to accomplish by the Motion. The pleading by which grounds for relief are put before the Court is identified as a "motion" in 28 U.S.C. § 2255 and takes the functional place of an initial pleading, e.g., a civil complaint or a petition in habeas corpus. Although he refers to it in the above-quoted paragraph as a "Petition," in fact Hunter filed an AO Form 243 which has "Motion Under 28 USC § 2255" pre-printed on it (ECF No. 135). Hunter's Motion has nine grounds for relief, denominated as such. *Id.* at PageID 2277-79.

Affidavits and briefs filed after an evidentiary hearing cannot add new claims to a § 2255 case; additions must be made by amendment to the initial motion. Hunter has at least implicitly recognized this by filing a motion to amend (ECF No. 153). The Court also notes that Hunter has had the assistance of counsel during much of the time his § 2255 proceeding has been pending, counsel who could have advised him that one cannot amend a pleading in federal court by including material in an affidavit or a post-hearing brief.

An evidentiary hearing in a § 2255 proceeding is essentially a trial of the factual issues pertinent to a decision. By analogy to a civil trial, then, issues tried by consent "must be treated in all respects as if raised in the pleadings." Fed. R. Civ. P. 15(b)(2). The same rule allows a

party to move to amend to conform to the evidence. Hunter does not advert to 15(b)(2), but any of the issues he now seeks to add by amendment which were in fact tried by consent would be properly before the Court.

Ground Two for Relief as the Court read it when concluding an evidentiary hearing was required was as follows: "Counsel misadvised Movant during plea negotiations pertaining to the evidence he would introduce during trial and his misadvising Movant relevant to the factual particulars as it applied to *Booker/FanFan*." (Quoted at Report, ECF No. 158, PageID 2555.) Interpreting Ground Two, the Report concluded:

> Liberally construed, Hunter alleges in his Second Ground for Relief that [Attorney Matthew Ryan] Arntz gave him incorrect legal advice about what the Government would have to prove at trial, based on a misunderstanding of *United States v. Booker*, 543 U.S. 220 (2005). As the Court understands it, Hunter thinks Arntz told him the Government would have to have five kilograms of cocaine in hand at trial to prove him guilty. Arntz believed that could not be proved, and on the basis of that belief Hunter turned down a plea offer for substantially less imprisonment than he actually received.

(Report, ECF No. 158, PageID 2563-64.) There was no confusion in the Court's mind about what the factual dispute on Ground Two was: did Attorney Arntz advise Hunter that the Government had to prove Hunter actually possessed five kilograms of cocaine by producing at least five kilograms of seized cocaine at trial? That understanding of the claim was set forth in the Court filing granting the evidentiary hearing. The Court never understood Hunter was claiming that the bad advice from Arntz was related to additional relevant conduct which could enhance the sentence under the Sentencing Guidelines.

To show that this additional issue was actually tried by consent, Hunter refers to his testimony at the evidentiary hearing (Motion, ECF No. 220, PageID 3343, quoting Transcript,

4

ECF No. 184.)  The relevant testimony reads as follows:

> The only other thing I would say, you know, that to me is the most important is, had I known that they could use the testimony of these witnesses to come up with an amount of five kilograms and that testimony was evidence, I would -- I would have took the plea bargain.

 That is testimony which relates to the alleged misadvice about the amount of cocaine needed to prove the basic charge, not about any amount that could be included as relevant conduct.

Hunter adverts in his Motion to alleged additional testimony about relevant conduct advice. *Id*.  However, he gives no record references whatsoever to where this testimony appears.

Proposed Amendment B would add a claim that Attorney Arntz's advice with respect to Count 2 was deficient and caused Hunter to reject a more favorable plea.  Here again Hunter's position is that he effectively amended his 2255 Motion by including this issue in his Affidavit in support of his request for an evidentiary hearing.  Amendment by affidavit is not contemplated by the Rules Governing § 2255 Proceedings, as noted above.  Nor does Hunter provide any record references to show that this issue was tried by consent.

Proposed Amendment C suffers from the same deficiency that there are no record references given to the supposed testimony to show this issue was tried by consent (See Motion, ECF No. 220, PageID 3346-47).  Furthermore, Proposed Amendment C purports to relate back to Ground for Relief One which has previously been dismissed.

Based on the foregoing analysis, the Motion to Amend is DENIED.

November 23, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge