# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,     :

      Plaintiff,                                            Case No. 3:06-cr-061
                                         Also 3:12-cv-302

                                                     District Judge Thomas M. Rose
      -vs-                                                    Magistrate Judge Michael R. Merz
                                          :

CHRISTOPHER HUNTER,

      Defendant.

## SUPPLEMENTAL MEMORANDUM ON POST-HEARING MOTION TO AMEND

This case is before the Court on Defendant's Objections (ECF No. 223) to the Magistrate Judge's Decision and Order (ECF No. 222) denying Defendant's Post-Hearing Motion to Amend (ECF No. 220).  District Judge Rose has recommitted the matter for reconsideration in light of the Objections.  The United States has not responded to the Objections.

**Procedural History**

Christopher Hunter's 2255 Motion was filed September 11, 2012 (ECF No. 135). Although he filed the Motion pro se, counsel (Nicholas Gounaris) was appointed at his request within a month of filing (ECF No. 138).  In July 2013 Hunter asked for a new attorney (ECF No. 147) and the Court allowed Gounaris to withdraw, but declined to appoint new counsel until an evidentiary hearing was ordered (ECF No. 151).

While Gounaris was his attorney, Hunter filed a motion to amend (ECF No. 147) which

1

the Court denied as barred by the statute of limitations (ECF No. 148). Hunter filed another Motion to Amend (ECF No. 153) which the Court also denied as untimely and for failure to state a claim (ECF No. 154).

The Magistrate Judge then filed a Report and Recommendations recommending all Grounds for Relief except Ground Two be dismissed (ECF No. 158). An evidentiary hearing was granted on Ground Two on condition that "Hunter shall set forth in a sworn affidavit the details of what he is prepared to testify to: the dates, times, places, and content of the advice given [by attorney Matthew Ryan Arntz] and the plea offer(s) he rejected on the basis of that advice." *Id.* at PageID 2564. Hunter filed a seven-page single-spaced Affidavit on September 18, 2013 (ECF No. 162).

After Judge Rose adopted the Report, the Magistrate Judge appointed Toby Henderson as new counsel for Hunter on November 19, 2013 (ECF No. 171)[1]. Hunter insisted on an interlocutory appeal, despite the possible impact on the jurisdiction of this Court. The Sixth Circuit dismissed the appeal for lack of jurisdiction because the order appealed was interlocutory. *Hunter v. United States,* Case No. 14-3008 (6th Cir. May 25, 2014)(unreported, copy at ECF No. 183).

The evidentiary hearing was held on two separate dates in April and June 2014. Briefing was complete on January 6, 2015, and the Report and Recommendations on the merits of Ground Two was filed August 24, 2015 (the "Report," ECF No. 209).

---

[1] Kirstie Young and David Williamson accepted appointment in the case but were unable to continue more than a very short while because of a conflict of interest between Hunter and another client of their firm.

**Hunter's Motion to Amend and Objections**

A month after he filed Objections to the Report, Hunter filed the Motion to Amend sub judice (ECF No. 220). He sought leave to add three claims to his § 2255 Motion, labeled Amendments A, B, and C as follows:

**Amendment A**

Trial counsel's erroneous advice related to the best case/worst case scenario was deficient and caused Hunter to reject a more favorable plea.

**Amendment B**

Trial counsel's erroneous advice is [sic] association with Count 2 of Hunter's Indictment was deficient and caused Hunter to reject a more favorable plea.

**Amendment C**

Trial counsel's failure to investigate precluded Hunter from making a fully informed decision as to whether or not he should plea.

He argued he believed "the amendments detailed below were properly before the Court by virtue of his Petition, Affidavit, testimony at the evidentiary hearing, and post-evidentiary hearing briefing." (ECF No. 220, PageID 3341). Having read the Report, he states he "now believes the Court does not consider the arguments he seeks to clarify as properly before the Court." *Id.*

Hunter asserted that these Amendments would not be barred by the statute of limitations because they would relate back under Fed. R. Civ. P. 15(c)(2), to wit, Amendments A and B would relate back to the common core of facts supporting "Issue No. 2 of his Petition" and

3

Amendment C would relate back to Issue No. 1.  (ECF No. 220, PageID 3342)[2].

The Government opposed the Motion to Amend on the ground it was moot because the arguments being made in Amendments A and B were before the Court at the evidentiary hearing (ECF No. 221, PageID 3350-51).  As to Amendment C, the Government contended it was disposed of in the dismissal of Ground for Relief One.  *Id.*  at PageID 3352.  To the extent the Amendments were not before the Court, the United States objected that the relation back doctrine did not allow an indefinite number of opportunities to re-argue or re-frame claims made.  *Id.*  at PageID 3353-54.

In denying the Motion to Amend, the Magistrate Judge reasoned that § 2255 Motions cannot be amended by pre-hearing affidavits, by testimony at a hearing, or by post-hearing briefs.  Rather, amendments must be made by motion under Fed. R. Civ. P. 15, a point of law Hunter apparently understood by moving several times, pro se, to amend (ECF No. 222, PageID 3361)  The other alternative was to treat the § 2255 Motion as amended to include issues tried by consent, an alternative rejected because Hunter had given no record references to prove the issue had been tried.  *Id.*  at PageID 3363.

## ANALYSIS

Hunter raises three Objections to the Order Denying the Motion to Amend which will be treated seriatim.

---

[2] To clarify the nomenclature here, the initial pleading is the Motion to Vacate (ECF No. 135) filed on the standard form for such motions which is appended to the Rules Governing § 2255 and whose use is prescribed by Rule 2(c) of those Rules.  The form provides space to plead grounds for relief, not "issues."  Hunter, proceeding pro se at the time, followed the prescribed form and pleaded grounds for relief.

**Objection One**

Hunter first asserts Amendments A, B. and C are not new claims, but are made "to more clearly reflect the claims identified in his *pro se* Affidavit" and those "actually tried." (ECF No. 223, PageID 3366). That tactic will not work. The Affidavit was filed on the Court's Order for Hunter to set forth what testimony he was prepared to give. The Order was not an invitation to amend the § 2255 Motion by affidavit. After the Affidavit was filed, the Court construed Ground Two as follows:

> Liberally construed, Hunter alleges in his Second Ground for relief that [Attorney Matthew Ryan] Arntz gave him incorrect legal advice about what the Government would have to prove at trial, based on a misunderstanding of *United States v. Booker*, 543 U.S. 220 (2005). As the Court understands it, Hunter thinks Arntz told him the Government would have to have five kilograms of cocaine in hand at trial to prove him guilty. Arntz believed that could not be proved, and on the basis of that belief Hunter turned down a plea offer for substantially less imprisonment than he actually received.

(Report and Recommendations, ECF No. 158, PageID 2563-64.) This claim – that Arntz gave bad advice on what the Government would have to prove at trial to show possession of five kilograms of cocaine – is different from the claim that Arntz did not give correct advice on the ability of the Government to obtain a sentence enhancement by showing relevant conduct at sentencing.

Claims of ineffective assistance of trial counsel come in an infinite variety. If a § 2255 movant were authorized to file a conclusory claim in the initial motion and then specify that claim later by adding a number of different ways in which counsel was ineffective, there would be no ability to frame issues for trial and thus finally adjudicate them. That is what has occurred in this case: the Court granted Hunter an evidentiary hearing on Ground Two as construed

above, not on other claims.

Hunter objects that he should be allowed to rely on all claims made in his Affidavit, stating "[n]either the Government nor the Court objected to this proposed testimony at any time after Hunter filed his affidavit."  (ECF No. 223, PageID 3367.)  While the Court did not "object" to the Affidavit, it did "construe" Ground Two in light of the Affidavit and held that it raised the claim set out above, and not any claim about lack of advice on relevant conduct.

Hunter next objects that the "bad advice on relevant conduct" claim was in fact tried.  He quotes his testimony at the hearing The referenced testimony involves one exchange between counsel and Hunter about this issue and is quoted in the Objections:

> Q. At any time, Mr. Hunter, did you and Mr. Arntz have discussions about the impact that drug quantity may have with respect to relevant conduct when it comes to the Court determining a sentence for you if you were convicted?
>
> A. I had never heard the word "relevant conduct" until after, until after I met the PSI lady. You know. I never knew anything about the amount of drugs being able to be enhanced further.

(ECF No. 223, PageID 3368, quoting Transcript, ECF No. 184, PageID 2816-17.)  The context of this one question and answer is in the midst of testimony about proving the quantity of cocaine possessed for proof of the underlying charge.

It is true that the Court did not intervene *sua sponte* to strike this testimony which is irrelevant to the Ground Two claim actually being tried.  Again, the context is important.  The Complaint in this case was filed November 1, 2005, more than ten years ago.  Mr. Hunter has been in custody since then and had never testified prior to the evidentiary hearing.  There was of course no jury present.  A combination of allowing Hunter his "day in court" and a desire to bring this matter to finality, coupled with the ability of a trial judge to disregard irrelevant

6

testimony, motivated the Magistrate Judge not to "micromanage" Hunter's testimony. That does not amount to allowing the trial of the relevant conduct claim by consent.

**Objection Two**

In his second objection, Hunter asserts that his Amendment B – deficient advice on Count 2 of the Indictment – was also tried by consent (ECF No. 223, PageID 3370). The first transcript reference given (ECF No. 184, PageID 2882-84) relates to testimony about whether Hunter was ever advised of the maximum penalty for Count 2; in addition to claiming he never heard it from the Court, he mentions offhandedly that he also never heard it from Arntz. At the second reference (PageID 2911) Hunter says if he had ever learned there was a twenty-year penalty possible on Count 2, he would have taken a plea deal for ten years. This is volunteered in the midst of cross-examination by Government counsel. The third reference (PageID 2931-34) is to whether the possible penalty for Count 2 was discussed at initial appearance. Hunter volunteers he may not remember because he was under the influence of Xanax.

None of this amounts to trying by consent the claim that Arntz never told Hunter about the maximum possible pentalty on Count 2,

**Objection Three**

In his Third Objection, Hunter claims his Amendment C – Arntz's failure to investigate – was tried by consent. When Hunter began to testify on this point, the Government did object and Hunter's counsel explained it was related to the claim of bad advice on the amount of cocaine

7

required to be produced at trial which is indeed Ground Two as construed by the Court. The testimony was allowed, but again does not present an ineffective assistance of trial counsel claim about all possible failures to investigate. Additionally, there was no jury present and irrelevant testimony could be ignored.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that Hunter's Objections (ECF No. 223) be OVERRULED.

December 23, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge
