**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

UNITED STATES OF AMERICA,          :

            Plaintiff,                    Case No. 3:06-cr-061
                               Also 3:12-cv-302

                               District Judge Thomas M. Rose
   -vs-                                                   Magistrate Judge Michael R. Merz
                           :

CHRISTOPHER HUNTER,

            Defendant.

---

# ORDER STRIKING MOTION FOR RECONSIDERATION; NOTICE REGARDING SEALED DOCUMENT

---

This case is before the Court on Defendant's Petition for Reconsideration (ECF No. 230-1). Although the Court allowed Defendant to file a memorandum in excess of the usual twenty-page limit, the resulting filing must itself be stricken. Hunter has filed the Petition for Reconsideration *pro se*, but he is represented in this case by appointed counsel Toby K. Henderson who was appointed November 19, 2013, and has continuously represented Hunter since that date. (ECF No. 171).

Counsel in this § 2255 case was appointed at Hunter's request shortly after he filed the Motion to Vacate *pro se.* (ECF No. 137). Parties represented by counsel must file through counsel and may not file themselves. There is no right to hybrid representation, with a defendant representing himself and also having counsel. *McKaskle v. Wiggins*, 465 U.S. 168 (1984). Followed in *State v. Taylor,* 98 Ohio St. 3d 27, 2002-Ohio-7017 at Par. 43 (2002).

A party represented by counsel may not file papers *pro se*. 28 U.S.C. § 1654 provides that "parties may plead and conduct their own cases personally or by counsel." The disjunctive

1

"or" in the statute means that a litigant must choose between proceeding *pro se* and proceeding with the assistance of counsel. *United States v. Jimenez-Zalapa*, 2007 WL 2815563 (W.D. Tenn. 2007)(Breen, J.); *see also United States v. Mosely,* 910 F.2d 93, 97-98 (6th Cir. 1987)*; United States v. Vampire Nation*, 451 F.3d 189 (3rd Cir. 2006).

Judge Rose advised Hunter as far back as April 10, 2007, that he could not file motions *pro se* while he was represented by counsel (ECF No. 89). Although Hunter has changed lawyers many times since then, the law has not changed. Accordingly, the Petition for Reconsideration is STRICKEN without prejudice to any filings which may be made on Hunter's behalf by Mr. Henderson.

The Court notes that the Petition for Reconsideration is supported by a Report and Recommendations of Magistrate Judge Sharon L. Ovington in the case of *United States v. Robert Stonerock,* Case No. 3:02-cr-005. The filing is accompanied by an Affidavit of Stonerock which purports to give Hunter authority to use the Report and Recommendations in this case or anywhere in the Sixth Circuit. (ECF No. 230-2, PageID 3470). Hunter is advised that the Report and Recommendations are filed under seal on the docket of this Court and only a judge of this Court has authority to lift that seal. Stonerock has no such authority and his violating the seal may subject him to sanctions. Hunter is bound by that sealing order and may not use the Report and Recommendations from the Stonerock case for any purpose without court permission. He is hereby ORDERED to return to this Court any copies he has of that Report and Recommendations.

March 11, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

2

Copies:          District Judge Rice
                 Magistrate Judge Ovington