**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

UNITED STATES OF AMERICA,      :

        Plaintiff,                    Case No. 3:06-cr-061
                                            Also 3:12-cv-302

                                            District Judge Thomas M. Rose
     -vs-                                  Magistrate Judge Michael R. Merz
                               :

CHRISTOPHER HUNTER,

        Defendant.

---

# REPORT AND RECOMMENDATIONS

This criminal case is before the Court on remand from the United States Court of Appeals for the Sixth Circuit. *Hunter v. United States*, Case No. 16-3613, ___ F. App'x, ____, 2019 U.S. App. LEXIS 31768 (6th Cir. Oct. 24, 2019). The remand became effective when the circuit court issued its mandate on November 21, 2019 (ECF No. 287).

**Litigation History**

Hunter was indicted March 28, 2006 (ECF No. 22). The case was tried to a jury in July 2006 which convicted Hunter on all four counts in a Superseding Indictment returned April 25, 2006 (Verdict, ECF No. 51). After reviewing a Presentence Investigation Report, Judge Rose imposed an aggregate sentence of 420 months imprisonment (Judgment, ECF No. 93). On appeal the United States Court of Appeals for the Sixth Circuit reversed Hunter's conviction for violating 18 U.S.C. § 924(c)(1), but affirmed the convictions and sentence on the remaining counts. *United*

1

*States v. Hunter*, 558 F.3d 495 (6th Cir. 2009). After Judge Rose entered an Amended Judgment on remand, imposing an aggregate sentence of 360 months imprisonment (Doc. No. 119), Hunter appealed again, but this time the Sixth Circuit affirmed. *United States v. Hunter*, 646 F.3d 372 (6th Cir. 2011). Hunter's conviction became final on direct appeal when the Supreme Court denied certiorari October 7, 2011. *Hunter v. United States*, 132 S.Ct. 390 (2011). Hunter's § 2255 Motion was filed September 11, 2012, almost a year later but within the statute of limitations (ECF No. 135).

Hunter's § 2255 Motion pleads nine grounds for relief. On August 30, 2013, the Magistrate Judge recommended that Grounds One and Three through Nine be dismissed (Report and Recommendations, ECF No. 158; hereinafter "2013 Report"). District Judge Rose adopted that Report on October 29, 2013 (ECF No. 167). Hunter appealed from that decision (ECF No. 174), but the Sixth Circuit dismissed the appeal for lack of jurisdiction because Judge Rose's order did not dispose of all claims in the case; that is, it was not a final appealable order. *Hunter v. United States*, No. 14-3008, 2014 U.S. App. LEXIS 11322 (6th Cir. Mar. 25, 2014).

The Magistrate Judge held an evidentiary hearing on Ground Two and, after briefing, recommended dismissal (Report and Recommendations, ECF No. 209, the "2015 Report"). Having reviewed objections by both parties, on February 12, 2016, District Judge Rose dismissed Hunter's entire Motion to Vacate, but granted a certificate of appealability on Ground Two (ECF No. 228, amended at ECF No. 229). No separate judgment was entered under Fed.R.Civ.P. 58.

On March 14, 2016, before the time for appeal had run, Hunter filed a motion for reconsideration under Fed.R.Civ.P. 59(e) (ECF No. 233). On May 5, 2016, Hunter, who had previously been represented by counsel, filed a *pro se* Notice of Appeal (ECF No. 258). On May 7, 2016, the Magistrate Judge notified Hunter of his understanding that the filing of a Notice of

Appeal deprived this Court of jurisdiction to decide his Fed.R.Civ.P. 59(e) motion and asked him to decide if he wished his letter of May 5, 2016, to be deemed a notice of appeal in light of that understanding (ECF No. 244). He allowed the letter to stand as a notice of appeal (Correspondence, ECF No. 249), and that was how the Sixth Circuit treated it.

**Current Status of the Litigation**

In its remand order, the Sixth Circuit corrected the Magistrate Judge's misunderstanding of the impact of Hunter's Notice of Appeal on this Court's authority to decide the Rule 59(e) motions by noting that Fed. R. App. P. 4 suspends the effectiveness of any notice of appeal filed before a timely Rule 59(e) motion until that motion has been decided. Because the Notice of Appeal was not yet effective, the circuit court found it did not have jurisdiction and dismissed the appeal. *Hunter*, 2019 U.S. App. LEXIS 31768, at *5.).

Hunter initially filed his Motion for Reconsideration *pro se* (ECF No. 231). Because it had been filed *pro se* at a time when Hunter was represented by appointed counsel, the Magistrate Judge struck it (ECF No. 232). Appointed counsel then filed a Motion for Reconsideration, which attached the *pro se* Motion as Hunter had written it (ECF Nos. 233). After the Court unsealed the Report and Recommendations in the case of *United States v. Stonerock,* Case No. 3:02-cr-5 (S.D. Ohio), appointed counsel re-filed the Motion for Reconsideration in unredacted form (ECF No. 236). The unredacted Motion requests this Court to reconsider its Order Denying Defendant's Motion to Amend (ECF No. 227) and its Amended Entry and Order Dismissing Petition for Relief Under 28 U.S.C. § 2255 (ECF Nos. 228 & 229).

The Government opposes the Motion for Reconsideration (ECF No. 237). Hunter filed a

Response in support (ECF No. 238) and the Government, with Court permission, filed a Supplemental Memorandum in Opposition (ECF No. 240). Hunter, who is now proceeding *pro se*, has recently filed a Supplemental Memorandum asking the Court to apply *Byrd v. Skipper* (ECF No. 284, citing 940 F.3d 248 (6th Cir. 2019)).

# Analysis

"A motion under Fed. R. Civ. P. 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citation omitted). Thus, parties may not use them to raise arguments which could and should have been made before judgment. *Id.* Rather, for a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).
>
> To constitute "newly discovered evidence," the evidence must have been previously unavailable. *See ACandS*, 5 F.3d at 1263; *Javetz v. Board of Control, Grand Valley State Univ.* 903 F. Supp. 1181, 1191 (W.D. Mich. 1995) (and cases cited therein); 11 CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FED. PRAC. & PROC. CIV. § 2810.1 at 127-28 (2d ed. 1995).

*Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); accord: *Nolfi v. Ohio*

*Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States*

*Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).


**Hunter's Motion**


Hunter's Motion raises three grounds for relief:

> **Ground One:** "The magistrate [judge] turned to Hunter's external criteria of credibility in making a credibility determination without looking into Attorney Arntz's external criteria of credibility. This one-sided application of Federal criminal procedures prejudiced Hunter."

(ECF No. 236-1, PageID 3752.)

> **Ground Two:** Judge Rose ignored internally inconsistent testimony of Matt Arntz in regard to whether or not Hunter's personal involvement with drug quantity was or was not a theory of his defense.

*Id.* at PageID 3759.

> **Ground Three:** The Court misconstrued the facts in order to deny Petitioner's Motion to Amend (Doc. #220).

*Id.* at PageID 3768.


**Ground One:  Determination of Credibility**

As the Court understands Hunter's first ground for amending the judgment, it is that, in

assessing the comparative credibility of Hunter and Attorney Arntz on what happened during

Arntz's representation, the Magistrate Judge unfairly used sources external to Hunter's narrative

account to assess his credibility while using only internal criteria to assess Arntz's credibility.  The

law does not make this distinction between external and internal criteria or suggest a sequence for

looking at valid criteria of credibility.  Nonetheless, the Magistrate Judge will accept the distinction

for argument's sake and analyze Hunter's Ground One using that distinction.

The fact is that Hunter presented no external evidence of Arntz's lack of credibility. In particular as the Report notes, Hunter made no notes of the supposed bad advice he claimed Arntz gave him, nor did he call as witnesses the other two criminal defense lawyers with whom he claims he discussed Arntz's advice. The Court looked at no external evidence undermining Arntz's credibility because Hunter presented none. Conversely, the Court did look at external evidence bolstering Arntz's credibility, including his many years of criminal defense practice, his appointment to the Court's Criminal Justice Act plan panel (from which he was appointed to represent Hunter), and his adjunct professorship in evidence at the University of Dayton School of Law (evidence being the subject of the bad advice Arntz supposedly gave Hunter).

Despite finding Hunter's narrative consistent and coherent, the Court did discredit his testimony by adverting to facts proven in the record but external to the narrative. Hunter had a record of felony drug convictions before this one. Felony convictions are universally accepted in American law as undermining credibility, Fed.R.Evid. 609, a major reason why convicted felons do not take the stand in subsequent felony trials. And Hunter lied about a number of facts proven against him by concrete evidence: his acquaintance with Amanda Ward; his possession of a firearm; and various indicia of the existence of the "Platinum Crew," Hunter's drug distribution organization.

Hunter forfeited this first ground of relief by never objecting on this basis to the 2015 Report. That is, although the credibility determinations of which he complains were made in the 2015 Report, he never objected on the basis of the sources of credibility evidence. Failure to make objections in accordance with Fed.R.Civ.P. 72 forfeits the right to raise the objection on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50

(6th Cir. 1981).  By the same rationale, it forfeits the right to object for the first time in a post-judgment motion under Fed.R.Civ.P. 59.

Although he presented no external evidence at the hearing of Arntz's lack of credibility, Hunter now claims that he has "newly discovered" external evidence, somehow found between the time of judgment on February 19, 2016 (ECF No. 229, and the time when he filed the Rule 59 motion on March 14, 2016 (ECF No. 233).  That evidence consists of the Report and Recommendations of Magistrate Judge Sharon Ovington in the aforementioned case of *United States v. Stonerock* (the "Stonerock R&R").  Robert Stonerock had filed a Motion to Vacate his drug trafficking conviction in this Court under 28 U.S.C. 2255 and the motion was assigned to Judge Ovington.  After conducting an evidentiary hearing, Judge Ovington concluded Attorney Matthew Arntz suffered from an actual conflict of interest during the time he represented Stonerock and a defendant in the same case named Sammons when both were seeking a reduced sentence for cooperation with the Government; cooperation by one would have meant providing evidence against the other.  Having found that conflict, Judge Ovington recommended that Stonerock be resentenced (Stonerock R&R, Case No. 3:02-cr-5, No. 333 (Aug. 10, 2015), adopted on Aug. 31, 2015 (ECF No. 334)).

Stonerock executed an affidavit February 26, 2016, giving Hunter permission to use the Stonerock R&R in this case (ECF No. 236-2, PageID 3782).  On March 21, 2016, Hunter moved through counsel to unseal the Stonerock R&R (ECF No. 234), attaching Stonerock's Affidavit (ECF No. 234-1) and representing that it might be relevant to this case.  The undersigned granted Hunter's motion to unseal the next day (Order, ECF No. 235) and the unredacted version of the Report was attached to the instant Motion two days later.

Hunter is very vague about when he learned of the Stonerock R&R.  He writes only that

"[**d**]**uring this time**, Hunter became aware the Court had made a ruling in favor of Robert A. Stonerock . . . " (Motion for Reconsideration, ECF No. 236-1, PageID 3753 (emphasis added)). He does not explain what he means by "during this time," and does nothing to describe the process by which he learned of the Stonerock R&R. However, he blames the undersigned for the fact the Stonerock R&R was not filed before his Objections to the 2015 Report because he would not grant an extension of more than two months' time to file those objections. *Id*.[1] The Magistrate Judge had warned the parties when issuing the 2015 Report that extensions of time to object would be strongly disfavored: "**Because of the timing of this Report, no extensions of time to file objections will be granted except in the most extraordinary of circumstances.**" (ECF No. 209, PageID 3299 (emphasis in original)). In moving for the two-month extension, counsel gave no reason at all. Declining the request, the Magistrate Judge noted that

> The Court was generous with extensions of briefing in this case. (See ECF Nos. 191,192, 193, 197, 199.) As a result, the matter did not become ripe until more than six months after the evidentiary hearing was concluded. The 2255 Motion itself will have been pending three years when the Report and Recommendations become ripe.

(Order, ECF No. 211, PageID 3302).

If Hunter had been diligently investigating other federal cases in which Mr. Arntz had appeared as counsel, he could have discovered the Stonerock case at any time between the Supreme Court's denial of certiorari in 2011 and when he filed his Motion to Vacate a year later or at any time during the three years the Motion was pending before the evidentiary hearing. Of course, the Stonerock R&R was not issued until August 2015, but that was months before the evidentiary

---

[1] In fact he even blames the Magistrate Judge for sealing the Stonerock R&R to keep it from him (Motion for Reconsideration, ECF No. 236-1, PageID 3753). The undersigned had nothing to do with sealing the Stonerock R&R and Hunter offers nothing except his own cynical speculation to prove that claim.

hearing in this case and months more before the Motion to Vacate was ripe for decision. Indeed, there was almost six months' time between when the 2015 Report was filed in this case (ECF No. 209) and when it was adopted (ECF No. 216). And yet Hunter claims he only "discovered" the Stonerock R&R within the short thirty-day window between when judgment entered and the deadline for filing the Rule 59(e) motion. With no flesh on the bones of the discovery process, Hunter's claim that it was newly discovered after judgment but before the Rule 59(e) motion was filed lacks credibility.

Again, to constitute "newly discovered evidence," the evidence must have been previously unavailable. *Gencorp*, 178 F.3d at 834. Hunter has not proven the Stonerock R&R is newly discovered within the meaning of *Gencorp* and its progeny.

Even if the Stonerock R&R qualified as newly discovered evidence, it would not be necessary to reopen the judgment to consider it in order to prevent a manifest injustice to Hunter. Judge Ovington concluded Arntz had engaged in an ethical lapse in representing Stonerock and that would be relevant to Hunter's claims, but only marginally so. That conflict had no connection whatsoever to this case and the misjudgment there was not of the sort alleged here. Judge Ovington made no judgment about Arntz's competence or credibility generally. Hunter's speculation that Arntz would perjure himself in this case to avoid a second finding that he provided ineffective assistance of trial counsel is just that – speculation.

In sum, Hunter's first ground for Rule 59 relief should be denied because: (1) he did not raise it in his pre-judgment Objections to the Report; (2) his evidence does not qualify as "newly discovered"; and (3) even if admitted, the Stonerock R&R would not change the Magistrate Judge's assessment of the comparative credibility of Hunter and Arntz.

After the remand was announced but before the mandate issued, Hunter filed a

Supplemental Memorandum asking the Court to consider and apply *Byrd v. Skipper,* 940 F.3d 248 (6th Cir. 2019) to his case (ECF No. 284). In that case the circuit court held that counsel provided ineffective assistance of trial counsel when, because of "an egregious misunderstanding of the law, he conveyed to the prosecutor an unwillingness to consider a plea. . ." *Byrd* does not announce any new controlling principle of law, but applies principles adopted by the Supreme Court in *Strickland* and, in the plea context, by *Lafler v. Cooper*, 566 U.S. 156 (2012). Important differences from this case are that the circuit court believed the defense attorney in *Byrd* had given seriously wrong advice on the law and that resulted in Byrd's unwillingness to plead. Here the Court has found Arntz's denial that he gave the bad advice more credible than Hunter's claim that he did. Moreover, Hunter was given an opportunity to proffer in support of a plea bargain and made it very clear that he would not accept cooperation with the government as a condition of a plea deal. Thus while *Byrd* is a recent published opinion on a closely parallel issue, it is not new controlling law and does not provide a basis for amending the judgment.

**Ground Two: Ignoring Inconsistent Testimony of Attorney Arntz**

As his second ground of Rule 59 relief, Hunter claims Judge Rose ignored internally inconsistent testimony of Matthew Arntz on his theory of the case. Hunter points to an asserted inconsistency between what Arntz testified to in the § 2255 evidentiary hearing and what he argued at trial in 2006 (ECF No. 236-1, PageID 3759-68). This means, Hunter says, that "Judge Rose's ruling essentially is a wholesale disregard, misapplication and failure to recognize controlling precedent" and "Judge Rose has failed to synthesize the evidence." *Id.* at PageID 3760 (internal quotation marks omitted).

Hunter points to Judge Rose's Entry and Order of January 31, 2007, denying a motion for new trial on Count One (ECF No. 69). The Motion for New Trial, filed by Mr. Arntz, claimed that the Government had admitted that it was "unable to prove distribution or intent to distribute" five kilograms of cocaine (ECF No. 55, PageID 204). Judge Rose ruled that it was not necessary to prove Hunter's personal involvement with that quantity, so long as a reasonable juror could conclude the conspirators together distributed that amount (Order, ECF No. 69, PageID 246).

Once again, this is an argument that was never made before the Rule 59 motion was filed. Hunter's post-hearing Brief in Support of § 2255 Relief argues that Arntz's new trial motion is inconsistent with his evidentiary hearing testimony (ECF No. 195, PageID 3160). The 2015 Report does not mention this piece of evidence of Arntz's supposed inconsistency. If it was error to fail to deal with that inconsistency, then the error occurred in the 2015 Report, authored by the undersigned. Hunter's Objections raised this issue by asserting error in the Magistrate Judge's finding that Hunter offered no external corroboration of his claim of bad advice from Arntz (ECF No. 217, PageID 3324). Later in the Objections he asserts "the Magistrate Judge failed to connect the dots or synthesize the evidence." *Id.* at PageID 3326. In deciding the case, Judge Rose specifically adverted to this Objection and explained why it was "consistent with Hunter's claim that he received erroneous advice, but does not corroborate that claim." (Amended Entry and Order, ECF No. 229, PageID 3422). Ultimately, after extended discussion of the Objections, Judge Rose concluded that Hunter was not credible. *Id.* at 3428.

Hunter's Ground Two amounts to a re-argument of this point. Considering all the evidence relied on by Hunter, Judge Rose agreed with the Magistrate Judge that he was not credible. The New Trial decision is not a "precedent" finding Hunter to be credible and in any event the law does not require the Court to give any determinative weight to this particular piece of evidence.

Because Ground Two is nothing more than a reargument about credibility, it does not provide a basis to amend the judgment.

**Ground Three:  Denial of Amendment of Petition**

In Ground Three of his Motion, Hunter seeks amendment of Judge Rose's Order[2] (ECF No. 227) affirming the Magistrate Judge's denial of Hunter's Motion to Amend (ECF No. 220).

The Motion to Amend was filed October 7, 2015, more than three years after the Motion to Vacate was filed, well over a year after the evidentiary hearing was completed, more than a month after the 2015 Report was filed, and a month after Objections to the 2015 Report were filed.

The Magistrate Judge denied the Motion to Amend on grounds that (1) the proposed amendments were improper as to form because a § 2255 movant cannot amend his or her motion by way of an affidavit in support of a motion for evidentiary hearing, (2) there was no proof that the new grounds had been tried by consent, and (3) Proposed Amendment C "purports to relate back to Ground for Relief One which has previously been dismissed." (Decision and Order, ECF No. 222, PageID 3363). Hunter objected and Judge Rose overruled those Objections (ECF No. 223) and denied the proposed amendments (Entry and Order, ECF No. 227).

In his Motion to Amend, Hunter now claims it is the Magistrate Judge "intentionally or unintentionally . . . broadened the scope of the evidentiary hearing."  (ECF No. 236-1, PageID 3769).  "Hunter assumed the affidavit was ordered because the Magistrate had a genuine desire to learn all the facts associated with this *Lafler v. Cooper* claim, all the advice and all the pleas rejected upon that advice."  *Id*., citing 566 U.S. 156 (2012).  In fact, the Affidavit was ordered to

---

[2] Technically, that Order is not a judgment, but a motion to reconsider it requires the same sort of proof.  *Meekison v. Ohio Dep't of Rehabilitation & Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998) (Marbley, J.).

determine if there was a triable issue so that the Court would be required to appoint new counsel. The decision denying amendment explained why the latitude allowed at the evidentiary hearing did not amount to trying these new claims by consent.

The instant Motion does not show any manifest error of law. The question of whether an issue was "tried by consent" depends on an evaluation of the trial, most appropriately provided by the judge who presided at the trial. The Magistrate Judge did not believe that these new claims were being tried or that Hunter had effectively amended his Motion to Vacate by the content of his affidavit in support of an evidentiary hearing. Judge Rose found that conclusion was neither clearly erroneous nor contrary to law. Hunter has not shown entitlement to an amendment of the Order denying post-hearing amendment of the Motion to Vacate.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that Hunter's Motion for Reconsideration (ECF No. 236) be denied in its entirety. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed in forma pauperis.

Based on the remand order from the Sixth Circuit and *Gillis v. United States,* 729 F.3d 641(6th Cir. 2013), it is also recommended that the Clerk be ordered to enter a separate judgment denying both the § 2255 Motion and the Motion to Amend the Judgment.

December 5, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge


### 'NOTICE REGARDING OBJECTIONS


Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).