# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 3:06-cr-61 |
| v. | : | Judge Thomas M. Rose |
| CHRISTOPHER HUNTER, | : | |
| Defendant. | : | |

---

**ENTRY AND ORDER OVERRULING OBJECTIONS (DOCS. 291, 295, AND 298); ADOPTING, IN PART, REPORT AND RECOMMENDATIONS (DOC. 288); ADOPTING, IN FULL, SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. 293); DENYING "PETITION FOR RECONSIDERATION PURSUANT TO RULE 59(e), FEDERAL RULES OF CIVIL PROCEDURE" (DOC. 236); AND, ORDERING THE CLERK OF COURT TO ENTER SEPARATE JUDGMENTS**

---

On December 5, 2019, Magistrate Judge Michael R. Merz filed a Report and Recommendations (Doc. 288) (the "Report"), recommending that the Court deny in its entirety the "(Unredacted) Petition for Reconsideration Pursuant to Rule 59(e), Federal Rules of Civil Procedure" (Doc. 236) filed by Defendant Christopher Hunter ("Hunter"). On December 27, 2019, Hunter filed Objections to the Report (the "Initial Objections"). (Doc. 291.) On December 29, 2019, the Court entered a Recommittal Order, returning the matter to Magistrate Judge Merz with instructions to file a supplemental opinion analyzing the Initial Objections and making recommendations based on that analysis.

On January 2, 2020, Magistrate Judge Merz filed a Supplemental Report and Recommendations (Doc. 293) (the "Supplemental Report"), again recommending that the Court deny in its entirety Hunter's "(Unredacted) Petition for Reconsideration Pursuant to Rule 59(e),

1

Federal Rules of Civil Procedure" (Doc. 236).  On January 21, 2020, Hunter filed Objections to the Supplemental Report (Doc. 295) (the "Supplemental Objections"), and in those Supplemental Objections to the Supplemental Report he also asked the Court to consider his Initial Objections (Doc. 291) in their entirety (which the Court has done).

On January 22, 2020, Hunter filed a document titled:  "Exhibits to Supplemental R&R Objections."  (Doc. 296.)  Hunter stated that the document attaches "additional exhibits to the Supplemental Objections," namely what appear to be emails containing the text of two court decisions.  (*Id.* at PAGEID #4231.)  He asserted in that document that "[t]hese two cases are additional external criteria of Arntz's credibility. – The STATE of OHIO v. KIDD, No. 2005-CA-37 August 4 2006 – State v. Buelow, No. 06-CA-29 (Ohio Ct. App. 2007)."  (*Id.*)  On January 22, 2020, Magistrate Judge Merz entered a Notation Order striking that filing (i.e., Doc. 296) "as it purports to offer new evidence regarding credibility when the evidentiary record on Hunter's Sec. 2255 Motion was closed years ago."  (Doc. 297.)  On February 3, 2020, Hunter filed a "Specific Objection to the Magistrates [sic] Striking ECF No. 296 (Exhibits to Supplemental Objections)" (Doc. 298) (the "Exhibits Objection").

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a *de novo* review of the record in this case, taking into consideration Hunter's Initial Objections, his Supplemental Objections, and his Exhibits Objection.  Upon said review, the Court finds that Hunter's Initial Objections, his Supplemental Objections, and his Exhibits Objection are not well-taken and each is hereby **OVERRULED**.  The Court **ADOPTS IN PART** the Report (Doc. 288), adopting the entirety of the Report except for the portion concerning timing of the issuance of the Report and Recommendations in the *United States v. Stonerock* case compared with the evidentiary hearing in this case (as explained in the Supplemental Report at PAGEID #

4199). The Court **ADOPTS IN FULL** the Supplemental Report (Doc. 293).[1]

Hunter's "(Unredacted) Petition for Reconsideration Pursuant to Rule 59(e), Federal Rules of Civil Procedure" (Doc. 236) is **DENIED**. As set forth and shown in the Report and Supplemental Report, he has not met the standard required for the relief requested.

As stated in the Report, Hunter's Petition for Reconsideration (Doc. 236) requested that the Court reconsider (1) its Entry and Order Affirming Decision and Order Denying Defendant's Motion to Amend (Doc. 227), and (2) its Entry and Order entered on February 12, 2016 and Amended Entry and Order entered on February 19, 2016 concerning the Petition for Relief Under 28 U.S.C. § 2255 (Docs. 228 and 229).[2] (Doc. 288 at PAGEID # 4162; *see also* Doc. 236 and Doc. 236-1.)

On October 24, 2019, the Sixth Circuit entered an Order finding that it could not yet exercise its appellate jurisdiction over this Court's prior orders subject to the Rule 59(e) motion (i.e., Hunter's Petition for Reconsideration (Doc. 236)). (Doc. 281.) In that Order, the Sixth Circuit dismissed Hunter's appeal and remanded to this Court for further proceedings not inconsistent with that Order. (*Id.*) On November 21, 2019, the Sixth Circuit issued a Mandate. (Doc. 287.) The Report and the Supplemental Report set forth more detail concerning this case's relatively lengthy and complex litigation history. (*See* Doc. 288 and Doc. 293; *see also* Doc. 281.)

The Court rules as follows:

1. "Petitioner Christopher Hunter's Objections to Magistrate's Report and Recommendations (E.C.F. #288)" (Doc. 291) are not well-taken and are hereby **OVERRULED**;

2. "Petitioner Christopher Hunter's Objections to Magistrate's Supplemental Report

---

[1] The Court notes that, even if the Court had taken into consideration the "Exhibits to Supplemental R&R Objections" (Doc. 296), the Court's ruling in this Order would remain the same and that filing would not change any aspect of the Court's ruling.

[2] The Court notes its March 24, 2016 Notation Order that found Hunter's March 14, 2016 Petition for Reconsideration (Doc. 233) to be moot in light of the filing of Hunter's March 24, 2016 Petition for Reconsideration (Doc. 236).

and Recommendation (ECF #293)" (Doc. 295) are not well-taken and are hereby **OVERRULED**;

3. Hunter's "Specific Objection to the Magistrates [sic] Striking ECF No. 296 (Exhibits to Supplemental Objections)" (Doc. 298) is not well-taken and is hereby **OVERRULED**;

4. the "Report and Recommendations" (Doc. 288) is **ADOPTED IN PART**, in accordance with the explanation above;

5. the "Supplemental Report and Recommendations" (Doc. 293) is **ADOPTED IN FULL**;

6. Hunter's "(Unredacted) Petition for Reconsideration Pursuant to Rule 59(e), Federal Rules of Civil Procedure" (Doc. 236) is **DENIED**;

7. As reasonable jurists would not disagree with this conclusion, Hunter is **DENIED** a certificate of appealability on any appeal from a decision on that motion/petition;

8. The Clerk is **ORDERED** to enter a separate judgment denying Hunter's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Doc. 135) and dismissing that motion with prejudice;

9. The Clerk is **ORDERED** to enter a separate judgment denying Hunter's "Motion to Amend Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 USC §2255 and Memorandum of Law, Points, and Authority (ECF No. 135)" (Doc. 220); and,

10. The Court **ADVISES** the Sixth Circuit that district court proceedings are complete.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, February 6, 2020.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE