**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No.  3:06-cr-61 |
| | : | |
| v. | : | |
| | : | Judge Thomas M. Rose |
| CHRISTOPHER HUNTER, | : | |
| | : | |
| Defendant. | : | |

**ENTRY AND ORDER DENYING MOTION FOR COMPASSIONATE
RELEASE (DOC. 317)**

This case is before the Court on Defendant's Motion for Compassionate Release (Doc. 317) (the "Motion"), filed by Christopher Hunter ("Hunter").  Hunter is currently incarcerated at FCI [Federal Correctional Institution] Petersburg in Virginia.  Hunter asks the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  The United States (the "Government") filed a Response in Opposition (Doc. 321) (the "Response"), in which the Government opposes the motion and asks the Court to deny it.  Hunter, through counsel, filed a Reply in Support of the Motion (the "Reply") (Doc. 324).  The Court has also received additional documents related to the Motion, including a letter from Lisa Jacobi (Doc. 318).  The matter is ripe for review.[1]  For the reasons discussed below, the Court **DENIES** the Motion.

---

[1] Section 603(b) of the First Step Act, which was signed into law on December 21, 2018, modified 18 U.S.C. § 3582 to allow a defendant to bring a motion on his or her own behalf either "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); Pub L. No. 115-391, 132 Stat. 5194; *see also United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020) ("If the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only by moving for it on his own behalf.  To do that, he must fully exhaust all administrative rights to appeal with the prison or wait 30 days after his first request to the prison," and "[p]risoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals available to them") (internal quotation marks omitted) (alterations adopted).  Relevant to this Motion,

I.     **BACKGROUND**

Hunter was indicted on March 28, 2006 and convicted by a jury on all four counts presented in a Superseding Indictment. (Docs. 22, 51.) The four counts were: possession of cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1); conspiracy to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. § 846; possession of a firearm in furtherance of a drug crime, in violation of 18 U.S.C. § 924(c)(1); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The Sixth Circuit reversed the conviction for possession of a firearm in furtherance of a drug offense but affirmed the remaining convictions. *United States v. Hunter*, 558 F.3d 495, 503, 508 (6th Cir. 2009). On remand, this Court entered an amended judgment and sentenced Hunter to an aggregate term of 360 months incarceration; five years of supervised release; and a $100 special assessment for each conviction. (Doc. 119.) Hunter appealed again, but the Sixth Circuit affirmed, and the United States Supreme Court denied certiorari. *United States v. Hunter*, 646 F.3d 372, 379 (6th Cir. 2011); *Hunter v. United States*, 565 U.S. 937, 132 S. Ct. 390, 181 L. Ed. 2d 245 (2011).

While incarcerated, Hunter has filed several motions for a reduction of sentence under Section 3582. (*See* Docs. 212, 264, 312, 317.) The first was an unopposed motion to reduce his sentence, pursuant to a retroactive application of an amendment to the Sentencing Guidelines. (Doc. 212 at PAGEID # 3304.) The Court granted that motion and reduced Hunter's sentence on the first count from a term of 360 months incarceration to 324 months. (Doc. 214 at PAGEID # 3309.) Hunter subsequently filed two motions pursuant to 18 U.S.C. § 3582(c)(1)(A) and asserted

---

Hunter petitioned the Warden for compassionate release on July 27, 2020. (Doc. 317-2 at PAGEID # 4404.) To the extent that Hunter's requests for compassionate release to the Warden and the Court contain the same alleged reasons, the Court finds that Hunter has satisfied the exhaustion requirement because 30 days have passed since the Warden's receipt of the request for compassionate release. (*Id.*; Doc. 317.) To the extent that the Motion contains new alleged reasons for release that have not been previously presented to the Warden for consideration, the Court finds that the Government has elected to waive the exhaustion requirement for this Motion only. (*See* Doc. 321 at PAGEID # 4445 n. 2.) Therefore, the Court will proceed to the merits.

various reasons for why the Court should grant compassionate release. (*See* Docs. 264, 312.) The Court denied those motions, as well as a motion to reconsider the denial of one of them. (Docs. 294, 309, 310, 314.) Hunter is 48 years old and has an anticipated release date of January 17, 2029. *See* https://www.bop.gov/inmateloc.

## II. ANALYSIS

Hunter now asks the Court to "grant a reduction in sentence to time served or to probation with or without a condition of home confinement." (Doc. 317 at PAGEID # 4386.)

### A. Legal Standards

A district court has limited authority to modify a sentence. "Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013). Section 3582(c)(1)(A) grants such authority in certain limited circumstances. It provides in part:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). Thus, the Court can modify a term of imprisonment if it finds that (1) "extraordinary and compelling reasons warrant such a reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) such a reduction is appropriate "after considering the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Kincaid*, 802 F.

3

App'x 187, 188 (6th Cir. 2020); *United States v. Spencer*, No. 20-3721, 2020 U.S. App. LEXIS 28051, at *4, 2020 WL 5498932 (6th Cir. Sept. 2, 2020).

First, commentary to an applicable policy statement issued by the Sentencing Commission identifies four, relatively narrow, circumstances in which "extraordinary and compelling reasons" may exist.[2] United States Sentencing Commission, Guidelines Manual, § 1B1.13, at cmt. n. 1 (Nov. 1, 2018) (Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)). Those four circumstances are: (A) Medical Condition of the Defendant; (B) Age of the Defendant; (C) Family Circumstances; and (D) other extraordinary and compelling reasons. *Id.* Each of the four circumstances has its own parameters. *Id.* Commentary also confirms that, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." *Id.* at cmt. n. 3; *see also United States v. Keefer*, No. 19-4148, 2020 U.S. App. LEXIS 32723, at *6-7, 2020 WL 6112795 (6th Cir. Oct. 16, 2020) ("[i]n Application Note 1 to § 1B1.13, the Commission also listed the 'extraordinary and compelling reasons' that might entitle a defendant to a sentence reduction").

Second, that same applicable policy statement also requires that the defendant not be "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*; *see also Kincaid*, 802 F. App'x at 188; *Spencer*, 2020 U.S. App. LEXIS 28051, at *4 ("[t]he district court must also find that the defendant is not a danger to the safety of any other person or to the community") (internal quotation marks omitted). Section 3142(g) provides factors to be considered in making that "danger to the safety" determination.[3] 18 U.S.C. § 3142(g); *see also*

---

[2] *See* 28 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples").
[3] Specifically, 18 U.S.C. § 3142(g) states:
  "(g) Factors to be considered. The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—

*United States v. Jones*, No. 20-3748, 2020 U.S. App. LEXIS 32451, at *4-5 (6th Cir. Oct. 14, 2020).

Third, the factors set forth in Section 3553(a) "include, among others, 'the nature and circumstances of the offense'; the defendant's 'history and characteristics'; the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment, and afford adequate deterrence; and the need to avoid unwarranted sentencing disparities." *Jones*, 2020 U.S. App. LEXIS 32451, at *6 (quoting 18 U.S.C. § 3553(a)(1), (2), (6)).

Finally, it remains that "compassionate release is discretionary, not mandatory." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020); *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (stating that a court "may" reduce the term of imprisonment); *Keefer*, 2020 U.S. App. LEXIS 32723, at *7 ("The statute's plain text makes evident the discretionary nature of a compassionate-release decision," and "the statute lists factors that, when present, *permit* a district court to reduce a sentence") (emphasis in original).

---

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591 [18 USCS § 1591], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
(2) the weight of the evidence against the person;
(3) the history and characteristics of the person, including—
    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required."

### B. Application

In support of his Motion, Hunter asserts that the Court should release him because of the COVID-19 pandemic, alleged poor conditions at FCI Petersburg, and certain identified health conditions, namely:

1. Obesity with a body mass index (BMI) of 40 (Doc. 317 at PAGEID # 4359; Doc. 324 at PAGEID # 4618);

2. Asthma (Doc. 317 at PAGEID # 4359);

3. A weakened immune system due to prolonged steroid treatment (Doc. 317 at PAGEID # 4359; Doc. 324 at PAGEID # 4618);

4. Arthritis in his knees that, according to Hunter, require surgery and steroid injections that have not occurred since the COVID-19 pandemic began (Doc. 317 at PAGEID # 4359; Doc. 324 at PAGEID # 4620); and

5. A previous positive COVID-19 test and fear of reinfection (Doc. 324 at PAGEID 4621-22).

Hunter also asserts that he has used his time in prison to better himself and engage in rehabilitative programing to the extent that "he is no longer a threat to public safety." (Doc. 317 at PAGEID # 4380.)

For the purposes of the Court's analysis, the Court will assume—without deciding—that Hunter has demonstrated that his stated health conditions present an extraordinary and compelling reason to warrant relief.[4] However, as addressed above, that does not end the Court's inquiry. The Court must still consider whether Hunter is a danger to the safety of any other person or to the community and if the reduction would be appropriate after considering the § 3553(a) factors to the extent they are applicable.

---

[4] The Court emphasizes that it does not find any circumstance (separately or combined) alleged by Hunter to qualify as "extraordinary and compelling reasons [that] warrant a reduction" in his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). As shown herein, the Court need not address that question to decide this motion. See Keefer, 2020 U.S. App LEXIS 32723, at *16 ("[e]ven if [the defendant's] health condition is 'extraordinary and compelling,' the district court retained discretion to conclude that [the defendant's] individual circumstances did not warrant a sentence reduction").

The Court has previously found—within the past year—that Hunter is a danger to the safety of another person or to the community, and nothing presented in the current Motion has changed the Court's mind. (*See* Doc. 294 at PAGEID # 4210.) Hunter again argues that he is not a danger to the community because he has no prior convictions for violent crime. (*See* Doc. 324 at PAGEID # 4625.) Despite what Hunter says about his past crimes, he was convicted of serious offenses involving a controlled substance (cocaine) and a firearm.[5] (Doc. 264 at PAGEID # 3958; Doc. 278 at PAGEID # 4107.) Hunter also has a significant criminal history. *See Hunter*, 558 F.3d at 507 (discussing the calculation of Hunter's criminal history score for purposes of sentencing). Despite Hunter's arguments and submissions, the Court, again, does <u>not</u> "determine that the defendant is not a danger to the safety of any other person in the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.C, Guidelines Manual, § 1B1.13.

Finally, as part of its analysis, the Court also has considered the Section 3553(a) factors to the extent that they are applicable. A number of applicable factors weigh against granting the Motion. For example, the Court finds that the "nature and circumstances of the offense" do not favor early release, for the reasons set forth above. 18 U.S.C. § 3553(a)(1); *United States v. Westine*, No. 20-5233, 2020 U.S. App. LEXIS 21418, at *3-4 (6th Cir. July 9, 2020) ("district courts may consider the nature and circumstances of the offense … in addition to [the defendant's] age and health conditions"). Additionally, the Court finds that the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence for criminal conduct, and protect the public from further crimes of the

---

[5] Hunter's operation included multiple acquaintances to aid in the distribution of cocaine, and Hunter carried a gun for protection. *United States v. Hunter*, 558 F.3d 495, 499-500 (6th Cir. 2009). Two of Hunter's associates estimated that Hunter's operation distributed between 46.49 to 69.17 kilograms of cocaine in three years. *Id.* at 506. More than a year before his indictment in this case, police had "obtained a warrant to search Hunter's residence…, where they found Hunter, sitting with a gun nearby, [two other men], as well as a blender, a press, a scale, and crack cocaine in plastic baggies. Hunter was taken into custody but was later released. He then <u>resumed</u> selling cocaine …." *Id.* (emphasis added).

defendant do not favor early release.  18 U.S.C § 3553(a)(2)(A)-(C).  Hunter has a substantial portion of his sentence remaining (*see* Doc. 317 at PAGEID # 4369).  *Kincaid*, 802 F. A'ppx at 188 ("the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate").  Releasing Hunter with so much of his sentence remaining "minimizes both the impact of [his] crime[s] and the seriousness of [his] offense[s]."  *Chambliss*, 948 F.3d at 694.

In summary, in addition to finding that Hunter is a threat to the community, the Court finds that the consideration of applicable Section 3553(a) factors further supports the denial of the Motion.  *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020) (affirming denial of compassionate release where "the District Court reasonably concluded that several of the § 3553(a) factors—including … the need to reflect the seriousness of the offense, promote respect for the law, and afford adequate deterrence—counsel against compassionate release …").  Thus, while the Court recognizes and commends the rehabilitative steps Hunter has taken while incarcerated, the circumstances here do not warrant early release pursuant to Section 3582(c)(1)(A).

### III.    CONCLUSION

Hunter does not meet the requirements necessary to be granted relief under 18 U.S.C. § 3582(c)(1)(A).  For the reasons stated above, the Court **DENIES** the Motion for Compassionate Release (Doc. 317).[6]

---

[6] The Court acknowledges the valuable contribution and assistance of judicial extern Ashley Oravetz in drafting this order.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, November 17, 2020.

                                                                                  s/Thomas M. Rose
                                                    _____
                                                             THOMAS M. ROSE
                                     UNITED STATES DISTRICT JUDGE