**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | Case No. 3:06-cr-61-1 |
| : | |
| v. : | |
| : | Judge Thomas M. Rose |
| CHRISTOPHER HUNTER, : | |
| : | |
| Defendant. : | |

---

**ENTRY AND ORDER DENYING "MOTION FOR REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i) BASED ON EXTRAORDINARY AND COMPELLING REASONS IN LIGHT OF CONCEPCION v. UNITED STATES, 597 U.S. _ (2022). THERE ARE CHANGED CIRCUMSTANCES IN THIS CASE THAT MILITATE FOR A REDUCTION IN SENTENCE." (DOC. NO. 328)**

---

This case is before the Court on the "Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) Based on Extraordinary and Compelling Reasons in Light of Concepcion v. United States, 597 U.S. _ (2022). There are Changed Circumstances in This Case that Militate for a Reduction in Sentence" (Doc. No. 328) (the "Motion"), filed by Defendant Christopher Hunter ("Hunter"). Hunter is currently serving his term of imprisonment on home confinement in Dayton, Ohio. He asks the Court for a compassionate release from his term of imprisonment. More specifically, he asks that this Court grant him a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) as amended by § 603 of the First Step Act (FSA) of 2018 (P.L. 115-391). (Doc. No. 328.) In short Hunter claims that his mother's health condition as well as his rehabilitation warrant a sentence reduction in his case.[1] (*Id.* at PageID 4657-64.) For the

---

[1] Hunter also argues for the first time in his Reply (Doc. No. 330) that the length of his sentence is so unusually long as to constitute an extraordinary and compelling circumstance under U.S.S.G. § 1B1.13(b)(6). (Doc. No. 330 at

1

reasons set forth herein, the Court **DENIES** Hunter's Motion.

I. BACKGROUND

On March 28, 2006, the Government charged Hunter by Superseding Indictment with four counts related to the possession and sale of large quantities of cocaine. (Doc. No. 22.) These four counts were: possession of cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1); conspiracy to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. § 846; possession of a firearm in furtherance of a drug crime, in violation of 18 U.S.C. § 924(c)(1); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (*Id.*) On July 13, 2006, Hunter was convicted by a jury on all four counts presented in the Superseding Indictment. (Doc. Nos. 22 & 51.) The Sixth Circuit subsequently reversed Hunter's conviction for possession of a firearm in furtherance of a drug offense but affirmed the remaining convictions. *United States v. Hunter*, 558 F.3d 495, 503, 508 (6th Cir. 2009).

Following Hunter's partially successful appeal, the Court imposed an aggregate 360-month term of incarceration, five years of supervised release with special conditions, and a $100 special assessment for each conviction. (Doc. No. 119.) On September 10, 2015, the Court reduced Hunter's sentence to an aggregate 324-month term of incarceration pursuant to newly promulgated U.S. Sentencing Guideline amendments. (Doc. Nos. 212 & 214.) Hunter is 51 years old and has an anticipated release date of December 8, 2027. (*See* FEDERAL BUREAU OF PRISONS INMATE LOCATOR, https://www.bop.gov/inmateloc (last visited January 5, 2024).) Since approximately May 8, 2022, Hunter has been serving what remains of his sentence on home confinement. (*Id.*;

---

PageID 4694.) However, courts may not properly consider arguments raised for the first time in a party's reply briefing. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (quoting *Novosteel SA v. U.S., Bethlehem Steel Corp.*, 284 F.3d 1261, 1274 (Fed. Cir. 2002)). "Reply briefs *reply* to arguments made in the response brief— they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration." *Id.* (emphasis in original). Thus, "as a matter of litigation fairness and procedure," the Court disregards the new arguments contained in Hunter's Reply for the purposes of this Entry and Order. *Id.*

2

Doc. No. 328 at PageID 4657.)

On November 17, 2023, Hunter filed the instant Motion. (Doc. No. 328.) The Government filed its response on December 4, 2023 (Doc. No. 329), and Hunter filed his untimely Reply on December 29, 2023 (Doc. No. 330). The Motion is now ripe for review and decision.

## II. ANALYSIS

### A. Legal Standards

Section 3582(c)(1)(A), colloquially known as the "compassionate release" statute, grants authority, in certain limited circumstances, to modify a term of imprisonment after it has been imposed. It provides, in part:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).[2]

Therefore, a court may reduce a defendant's previously imposed term of imprisonment if it finds that three requirements are met: (1) "extraordinary and compelling reasons warrant such a reduction"; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the § 3553(a) factors, to the extent that they are applicable, support the reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021). A court may ultimately deny a compassionate release motion when any of the three substantive requirements is lacking and need not address the others. *United States v.*

---

[2] Subpart (ii) of this portion of the statute provides "a separate basis for compassionate release tied to the defendant's age and years in prison." *United States v. Ruffin, 978 F.3d 1000, 1003 (6th Cir. 2020).*

*Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Moreover, while a court may reduce the term of imprisonment if all three requirements are met, it "need not do so." *Id.*; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (stating that a court "may" reduce the term of imprisonment); *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020) ("Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory").

As a point of order, courts may not consider the Sentencing Commission's applicable policy statements without first determining whether the factors set forth in 18 U.S.C. § 3553(a) warrant a reduction. U.S.S.G. § 1B1.13(a). Further, a court's finding that the applicable § 3553(a) factors militate against a sentence reduction may outweigh a finding of extraordinary and compelling circumstances. *Jones*, 980 F.3d at 1108; *see also United States v. Wright*, 991 F.3d 717, 719 (6th Cir. 2021) ("[d]istrict courts may place great weight on one sentencing factor when that weight is warranted") (internal quotation marks omitted). The factors set forth in § 3553(a) consider such things as the nature of the offense, the circumstances of the offense, the history of the defendant, the characteristics of the defendant, "and various penological goals, such as the need to promote respect for law and to protect the public," as well as to reflect the seriousness of the offense, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020); *see also* 18 U.S.C. § 3553(a).

### B. <u>Application</u>

Hunter asks the Court to grant him a compassionate release based on extraordinary and compelling circumstances. (Doc. No. 328 at PageID 4655.) Hunter alleges that his elderly mother has become incapacitated and submits that his mother's physical condition rises to the level of an extraordinary and compelling circumstance. (*Id.* at PageID 4658-59.) Hunter further contends

that his rehabilitation, when considered alongside his family circumstances, constitutes an extraordinary and compelling circumstance warranting a sentence reduction. (*Id.* at PageID 4657-59.)

In response, the Government makes two points. First, the Government argues that Hunter has failed to substantiate the allegations that his mother is incapacitated or otherwise without any other available caregiver. (Doc. No. 329 at PageID 4688-89.) As a result, the Government argues, the Court may not consider Hunter's purported rehabilitation in determining whether extraordinary and compelling circumstances exist here. (*Id.* at PageID 4687-88.) Second, the Government posits that granting Hunter a compassionate release would contradict the sentencing factors under 18 U.S.C. § 3553(a). (*Id.* at PageID 4690.)

1. **Section 3582 Considerations**

As the Parties do not substantively dispute that the Court has jurisdiction to consider Hunter's request, the Court must determine whether Hunter's request can satisfy the requirements of § 3582.

i. **Extraordinary and Compelling Circumstances**

The Court will first determine whether Hunter has established extraordinary and compelling circumstances to warrant reducing his sentence. Hunter alleges that his elderly mother suffered a car accident in 2022 that has left her incapacitated. (Doc. No. 328 at PageID 4658-59.) Although Hunter does not allege that he would be his mother's only available caregiver, he nonetheless argues that his mother's condition is an extraordinary and compelling circumstance. (*Id.*) A court may make a finding of extraordinary and compelling circumstances upon "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C). Here, Hunter has failed to provide any information

5

beyond his own allegations substantiating the claim that his mother is incapacitated. Moreover, Hunter has failed to establish that he would be his mother's only available caregiver in the event of her incapacitation. To be sure, such an allegation would be undercut by Hunter's reference to the various immediate family members he hopes to make proud. (Doc. No. 328 at PageID 4666.) Consequently, the Court finds that the alleged condition of Hunter's mother does not suffice to establish extraordinary and compelling circumstances warranting a sentence reduction here.

Hunter additionally submits that his rehabilitation warrants a reduction in his term of imprisonment. (*Id.* at PageID 4657-59.) "[R]ehabilitation of [a] defendant is not, by itself, an extraordinary and compelling reason" within the meaning of § 3582(c)(1)(A)(i). U.S.S.G. § 1B1.13(d). Instead, courts may only consider a defendant's rehabilitation in combination with established extraordinary and compelling circumstances. *Id.* Again, Hunter has not otherwise established extraordinary and compelling circumstances in his Motion. While the Court appreciates Hunter's rehabilitative efforts, those efforts cannot be considered absent clearly established extraordinary and compelling reasons for sentence reduction.

Thus, the Motion is **DENIED** for failure to demonstrate extraordinary and compelling circumstances warranting a reduction in Hunter's term of imprisonment.

    ii.  **Section 3553(a)**

Even if Hunter had adequately established extraordinary and compelling circumstances, the applicable § 3553(a) factors would still militate against a sentence reduction. The Court has considered the Parties' arguments and the § 3553(a) factors to the extent that they are applicable. 18 U.S.C. § 3582(c)(1)(A)(i). This includes that the Court considered Hunter's history and characteristics. *See* 18 U.S.C. § 3553(a)(1). In particular, the Court again lauds Hunter's rehabilitative efforts and good behavior while on home confinement.

Yet, the "nature and circumstances of the offense" do not favor early release. *See* 18 U.S.C. § 3553(a)(1); *see also Wright*, 991 F.3d at 719 ("district courts have wide latitude to deny compassionate release based on the seriousness of the underlying offense," such that "[s]o long as the district court considers the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority, it is not an abuse of discretion to deny compassionate release based on the seriousness of the offense") (internal quotation marks omitted). Hunter states that, at the time of his conviction, he was "an immature young man who made irrational and irresponsible decisions." (Doc. No. 328 at PageID 4666.) The Court acknowledges and greatly appreciates Hunter's remorse and introspection. However, the fact remains that Hunter—a man in his thirties at the time of his conviction—was convicted of serious offenses involving a controlled substance (cocaine) and a firearm. (Doc. No. 264 at PageID 3958, 4107.) Hunter's operation included multiple acquaintances to aid in the distribution of cocaine, and Hunter carried a gun for protection. *Hunter*, 558 F.3d at 499-500. Two of Hunter's associates estimated that Hunter's operation distributed between 46.49 to 69.17 kilograms of cocaine in three years. *Id.* The sheer volume of Hunter's cocaine operation, coupled with Hunter's possession of a firearm and the presumed intent to use it in defense of his illicit enterprise, illustrates that Hunter's offenses were very serious to say the least. *United States v. Navarro*, 986 F.3d 668, 672 (6th Cir. 2021) (agreeing with the district court's finding that defendant's conduct constituted a very serious offense when more than ten kilograms of cocaine were attributed to defendant).

In summary, the Court finds that granting Hunter a sentence reduction here would belie the seriousness of Hunter's offenses. This is true despite Hunter's purported rehabilitation. Thus, even if Hunter had established extraordinary and compelling circumstances, a reduction of his prison sentence would be improper.

7

8

### III. **CONCLUSION**

For the reasons stated above, the Court **DENIES** the Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Doc. No. 328).

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, January 16, 2024.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
