**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:06-cr-61-1 |
| | : | |
| v. | : | |
| | : | Judge Thomas M. Rose |
| CHRISTOPHER HUNTER, | : | |
| | : | |
| Defendant. | : | |

---

**ENTRY AND ORDER GRANTING MOTION FOR TERMINATION OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. § 3583(e) (DOC. NO. 336)**

---

Before the Court is Defendant Christopher Hunter's ("Hunter") Motion for Termination of Supervised Release Pursuant to 18 U.S.C. § 3583(e) (the "Motion") (Doc. No. 336), which Hunter filed on June 5, 2026. The Government responded on June 26, 2026 (Doc. No. 338), and Hunter replied on July 10, 2026 (Doc. No. 340). For reasons outlined below, the Court **GRANTS** Hunter's Motion (Doc. No. 336).

By way of background, on April 25, 2006, the Government charged Hunter by Superseding Indictment with four counts: conspiracy to distribute and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), and 846 ("Count 1"); possession with intent to distribute cocaine in violation of §§ 841(a)(1) and 841(b)(1)(C) ("Count 2"); possession of a firearm during and in relation to the commission of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) ("Count 3"); and possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. No. 27 at PageID 59–62.) After a jury found Hunter guilty on all four counts at trial on July 13, 2006 (*see* Doc. No. 52), the Court sentenced Hunter, on May 3, 2007, to the following: a term of incarceration of 360 months for

Count 1, 240 months for Count 2, 60 months for Count 3, and 120 months for Count 4. (Doc. No. 92 at PageID 359.) Counts 1, 2, and 4 were to run concurrently to each other but consecutively to Count 3, for a total incarceration term of 420 months. (*Id.*) In addition, Hunter was sentenced to supervised release terms of five years for Count 1, 5 years for Count 2, 5 years for Count 3, and 3 years for Count 4—all to run concurrently for a total supervised release term of 5 years. (*Id.*) On appeal, the Sixth Circuit ultimately reversed Hunter's conviction and sentence for Count 4—the felon in possession of a firearm conviction—but affirmed his convictions and sentences as to the first three counts. (*See* Doc. No. 110 at PageID 2220.) By virtue of a retroactive amendment to the United States Sentencing Guidelines (the "Guidelines"), Hunter moved for a sentence reduction (*see* Doc. No. 212), and the Court reduced Hunter's incarceration term for Count 1 from 360 months to 324 months but left his supervised release terms intact. (*See* Doc. No. 214 at PageID 3309.) Owing to another amendment of the Guidelines, the Court once again reduced Hunter's incarceration term for Count 1 from 324 months to 292 months on January 29, 2024. (Doc. No. 333 at pageID 4713.) Hunter was subsequently released from prison in May of 2022 and placed on home confinement but was later granted clemency, whereby his term of home confinement was commuted and terminated on December 22, 2024. (Doc. No. 335 at PageID 4715.) The grant of clemency left "intact and in effect . . . the term of supervised release imposed by the court with all of its conditions and all other components of . . . [the] sentence." (*Id.*)

Following said executive grant and home-confinement-commutation in December of 2024, Hunter filed the instant Motion on June 5, 2026, seeking early termination of his supervised release term. (*See* Doc. No. 336 at PageID 4760.) As of the date of this Order, Hunter has served just over a year and a half of his 5-year supervised release term. (*See id.* at PageID 4764.) In his Motion, Hunter avers that upon his release from prison and the commencement of his home confinement,

"he immediately began rebuilding his life through lawful employment, community involvement, faith-based recovery work, and family stability." (*Id*. at PageID 4762.) Hunter further submits that he has "maintained continuous employment, complied with all conditions of supervision, and has incurred no violations or infractions of any kind." (*Id*.) More specifically, Hunter cites to his employment as a consultant and salesperson with Van Martin Roofing and his active involvement in the Emerge Recovery & Trade program, which is an outreach organization aimed at "helping others avoid incarceration and successfully reenter society." (*Id*. at PageID 4763.) In November of 2025, Hunter married and became the stepfather to two five-year-old twins. (*Id*.) Above all, Hunter maintains that, since his release from prison, he has evolved into a "homeowner, husband, father, mentor, productive member of the community whose conduct demonstrates meaningful rehabilitation, stability, and a sustained commitment to lawful living." (*Id*. at PageID 4764.)

The Government, however, disagrees. (*See generally* Doc. No. 338.) In its Response, the Government points to the gravity of the offenses Hunter committed, which "involved massive amounts of drugs." (*Id*. at PageID 4785.) The Government's Response discusses, ad nauseam, Hunter's "sordid" history and goes to great lengths to discuss Hunter's many efforts, both successful and unsuccessful, at reducing his sentence through direct appeal, motions to reconsider, collateral attack attempts, and various motions for sentence reduction. (*Id*. at PageID 4773–83.) And although the Government lauds Hunter for his lack of supervised release violations, his negative drug tests, and the payment of his debts, it avers that that that is not the full picture. (*Id*. at PageID 4787.) It is the Government's position that Hunter's efforts at trial, coupled with his many reduction attempts thereafter, evince a lack of accountability. (*Id*.)

The Court finds the Government's position both unavailing and problematic. The law does not mandate that courts deny early termination of supervised release simply because a defendant

has chosen to avail himself of the procedural avenues afforded to him. Instead, courts are to look to the guidance of the Federal Rules of Criminal Procedure:

> The court may, after considering the factors set forth in section 3353(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)--
>
> > (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice[.]

18 U.S.C. § 3583(e)(1). The above-listed factors are as follows:

> (a)(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (a)(2) the need for the sentence imposed—
>
> > . . . .
> >
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D)to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> . . . .
>
> (a)(4) the kinds of sentence and sentencing range established for--
>
> > (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines;
>
> . . . .
>
> (a)(5) any pertinent policy statement issued by the Sentencing Commission . . . ;
>
> (a)(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (a)(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3353(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), & (a)(7).

In the Court's view, these factors, as applied to Hunter, warrant early termination of supervised release. As Hunter, himself, admits, he "does not dispute the seriousness of [his] offenses." (Doc. No. 340 at PageID 4793.) For that very reason, Hunter served approximately 17

years in prison, a year and a half of home confinement, and over a year and a half of supervised release. From his consistent employment, commitment to volunteer work, unwavering compliance with his supervised release conditions, and active participation in his family and community, Hunter has demonstrated that he has been adequately rehabilitated and poses a minimal risk to himself and others. The four recommendation letters attached to Hunter's Motion also attest to his character and dedication to shifting his life trajectory for the better. (*See* Doc. No. 336 at PageID 4766–70.) Once again, neither the Court nor Hunter minimizes the severity of the crimes he committed; however, the Court is sufficiently persuaded that Hunter has paid the price for his mistakes and has proven himself an eligible candidate for early termination of supervised release. That said, Hunter's conduct and the interests of justice here weigh in favor of terminating Hunter's supervised release term early.

For the preceding reasons, the Court **GRANTS** Hunter's Motion for Early Termination of Supervised Release (Doc. No. 336).

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, July 29, 2026.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE